# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## W. H. THOMPSON, SHERIFF AND ADMINJSTRATOR, ET ALS, V. F. W. GEARHEART.

· September 20, 1923. ·

1. INSURANCE—*Insurable Interest—Life Tenant and Remaindermen.*—A life tenant is under no obligation to insure the property for the benefit of a remainderman. Both life tenant and remaindermen have an insurable interest in the property, but a policy in the name of one cannot cover the interest of the other. The nature and effect of an insurance contract is to indemnify the insured against loss or damage, and not some one else who is not a party to the contract; nor has such other party any lawful claim upon the amount realized by the assured under the policy.

2. INSURANCE—*Life Tenant and Remaindermen—Right of Remaindermen to Recover Money Collected by a Life Tenant on a Policy of Insurance on the Premises—Case at Bar.*—In the instant case complainant was tenant of the property in question for the life of another. Upon the death of this other complainant refused to deliver possession of the property to the remaindermen and they recovered it from him in an action of ejectment. Complainant had insured the buildings on the premises in his own name, and during the pendency of the action in ejectment they were totally destroyed by fire and complainant collected the insurance.

    *Held:* That the remaindermen was not entitled to demand or recover any portion of the money collected on the insurance policy.

3. INSURANCE—*Life Tenant and Remaindermen—Right of Remaindermen to Recover Money Collected by a Life Tenant on a Policy of Insurance on the Premises—Case at Bar.*—In the instant case the complainant being a life tenant for the life of another, who had died before the fire, could not legally collect any sum of money on a policy issued to him on the premises, since he was not damaged by the fire. The remaindermen held no contract with the insurance company by which it had agreed to indemnify them against loss or damage. Under these facts, there was no liability upon the insurance company in favor of either party, and any settlement made by it with the life tenant must have been made without knowledge of the status of the title to the property, or to prevent a threatened lawsuit, and the remaindermen are entitled to no part of the money collected by the life tenant.

Appeal from a decree of the Circuit Court of Giles county. Decree for complainant. Defendants appeal.

*Affirmed.*

.The opinion states the case.

*W. B. Snidow*, for the appellants.

*Jackson & Henson* and *Williams & Farrier*, for the appellee.

WEST, J., delivered the opinion of the court.

F. W. Gearheart sued W. H. Thompson, sheriff of Giles county and as such administrator of George W. and Carrie Champ, deceased, L. J. Thorne, R. T. Thorne, and Thomas B. Champ and Willie Champ, the last two being infants under the age of twenty-one years, and recovered $800.00 against W. H. Thompson, sheriff and administrator of Geo. W. and Carrie Champ, deceased.    The case is here upon an appeal from that decree.

The parties will be designated as complainant and defendants with respect to their positions in the trial court.

By her last will Nancy Champ devised to her son, Geo. W. Champ for his life, a house and lot in the town of Narrows, Virginia, and at his death to his children. On April 21, 1903, George W. Champ and wife sold and conveyed this lot to F. W. Gearheart in fee simple with covenants of general warranty.    George W. Champ died on March 1, 1914, leaving two children, Thomas B. Champ and Willie Champ.    Upon demand Gearheart refused to deliver possession of the property to the remaindermen, and they recovered it from him in an ac-

tion of ejectment. Gearheart had the buildings on the lot insured in his own name and during the pendency of the action in ejectment they were totally destroyed by fire. Gearheart collected the insurance.

After Gearheart was ousted, an action of assumpsit was instituted against him by the two children for rent for the property from the death of George W. Champ, the life tenant, and they recovered, at the rate of $10.00 per month, in the sum of $216.66. The complainant contends that the last mentioned suit was also prosecuted for the recovery of the insurance collected by him. The defendants assert that the case was submitted simply upon the question of the amount of the rent due.

The pending suit was brought on the warranty in the deed from George W. Champ and wife to F. W. Gearheart. The defendants set up in their answer their claim to the insurance money collected by Gearheart, after the title to the property was vested in the remaindermen. The court, without allowing any credit on account of the insurance, adjudged and decreed that Gearheart was entitled to have refunded to him the purchase price paid by him, with interest from the death of George W. Champ, the life tenant, and that Gearheart recover the same, to-wit, $800.00, with interest from March 1, 1914, until paid, of W. H. Thompson, sheriff and as such administrator of George W. Champ and Carrie Champ, deceased.

The defendants rely upon four assignments of error. The first, third and fourth assignments are not urged by the defendants and we deem it unnecessary to discuss them, as we find no merit in them.

The second assignment of error, on which defendants confidently rely, is that the court erred in not decreeing the money collected as fire insurance to Thomas B. Champ and Willie Champ.

By consent the record in the case in assumpsit was filed as a part of the evidence in this case.   It appears therefrom that the bill of particulars filed with the declaration was as follows:

"This action is brought to recover an amount of insurance on the buildings on lots owned by said Thomas B. Champ and William Champ, who are infants, in the amount which was collected by the defendant in this case and which ought to have been paid to the plaintiffs, $750.00; and for the recovery of rent due for the use and occupancy of said land and buildings thereon situated, from March, 1914, to December 22, 1915, at the rate of $10.00 per month."

The record further shows that the case was submitted to the court on an agreed statement of facts, from which it appears that the defendant had collected $750.00 insurance on the property and that the buildings were burned after the death of George W. Champ.   Besides, the judgment of the court recites that the case was submitted upon the agreed statement of facts, which involved the right of the plaintiffs to recover the insurance in that suit, and the judgment being for rent only it is clear that the court rejected their claim for the insurance.

The plaintiff contends that the agreed statement of facts constitutes a part of the "record," while the defendants insist that the "record" consists only of the declaration, bill of particulars and the judgment; that the agreed statement of facts not being a part of the "record" and the answer denying the allegation in the bill that the question of the right of the infants to the insurance money was adjudicated in the action at law, it cannot be said that the "record" here shows that question is *res adjudicata.*

We need not pass upon this question, for if it be ad-

mitted, as contended by the defendants, that the right of the infants to the insurance has not been heretofore adjudicated and must be determined in this case, we are of the opinion that they cannot recover any portion of the insurance collected by Gearheart.

[1] The life tenant was under no obligation to insure the property for the benefit of the remaindermen.. Each of them had an insurable interest in the property, but a policy in the name of one could not cover the interest of the other. The nature and effect of an insurance contract is to indemnify the *insured* against loss or damage, and not some one else who is not a party to the contract; nor has such other party any lawful claim upon the amount realized by the assured under the policy.

[2] If, as seems probable, Gearheart succeeded in collecting from the insurer money which he was not entitled to demand under his policy contract, the remaindermen were not entitled to any portion thereof.

In the case of *Harrison* v. *Pepper*, 166 Mass. 288, 44 N. E. 222, 33 L. R. A., p. 239, 55 Am. St. Rep. 404, the Supreme Court of Massachusetts, considering a similar case said:   "In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remaindermen. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee." *Burlingame* v. *Goodspeed*, 153 Mass. 24, 26 N. E. 232, 10 L. R. A. 495; *International Trust Co.* v. *Boardman*, 149 Mass. 158, 21 N. E. 239; *Suffolk Fire Ins. Co.* v. *Boyden*, 9 Allen (Mass.) 123; *Warwick* v. *Bretnall*, L. R. 23 Ch. Div. 188; *Leeds* v.

*Cheetham*, 1 Sim. 146; *Rayner* v. *Preston*. L. R. 18 Ch. Div. 1; *Kearney* v. *Kearney*, 17 N. J. Eq. 59, 71.

The court further on says, "Nor can the defendant be converted into a trustee for the plaintiff by the mere fact that the amount which she received was equal to the full value of the house. It was paid to and received by her as indemnity for the loss which she had sustained, and, as already observed, does not stand in the place of the property * * *. If the contract is one of indemnity to the insured for the loss sustained by him, it is difficult to see how a sound public policy could be subserved by holding that he shall use what belongs to him for the benefit of some one else."

In the case of *Quarles* v. *Clayton*, 87 Tenn. 308, 10 S. W. 505, 3 L. R. A. 171, in a well considered opinion delivered by Lurton, J., the Supreme Court of Tennessee held that in the absence of any contract, covenant, agreement or understanding that the husband should insure for the benefit of his wife, the property in which she acquired a life interest on his death in virtue of an *antenuptial contract*, she has no equitable interest in the proceeds of a policy of insurance thereon taken out by her husband in his lifetime; and that an insurer's option to pay or rebuild, when premises are destroyed by fire, is not sufficient to raise an equity in favor of third persons who are disappointed by the exercise of the insurer's election to pay, although they would be entitled to the use of the structure if rebuilt.

The defendant relies on *Haxall* v. *Shippen*, 10 Leigh (37 Va.) 536, 34 Am. Dec. 745; *Brough* v. *Higgins*, 2 Gratt. (43 Va.) 409, and *Clyburn* v. *Reynolds*, 31 S. C. 91, 9 S. E. 973; but neither of these cases is controlling in the instant case.

The standard fire insurance policy contract contains a provision that the policy shall become void "in case

any change shall take place in title, except by succession by reason of the death of the assured.''

In the *Haxall-Shippen Case, supra,* the testator insured his dwelling in his own name, loss payable to himself, his heirs and assigns, and devised the property to his wife for life, remainder to his two daughters in fee. The house burned down after his death and during the life of his wife. His wife collected the insurance and spent it in erecting a new house upon the premises. Under the provisions in the policy, upon the death of the insured, the policy followed the title and covered the interests of the life tenant and the remaindermen just as if it had been re-written in their names. The court held that the life tenant had the right to receive the money, but when received it was personal estate of which she had a right to the use for life, and her daughters to the remainder; and that she had no right to convert the money into real estate by applying it to the building of a new house, without the consent of the remaindermen.

In *Brough* v. *Higgins, supra,* the court simply held that where a building insured, in which one person is entitled to a life estate and another to the reversion, sustains a partial injury by fire, for which indemnity is due from the insurer, the tenant for life, and the reversioner, are each entitled to have the insurance money applied to the repair of the building.

In *Clyburn* v. *Reynolds, supra,* James Chester, Jr., was executor of his father's estate, with power to manage the property. He had a life estate in the property in question, with power of appointment. For some time he had insured the property in his own name. Just before his death he insured it in his name as executor. Presumably, he had exercised his power of appointment at that time and took the insurance in his name as ex-

ecutor to indicate that the insurance was intended for the benefit of the then owner of that portion of his father's estate.    Under these circumstances, the court reaches the conclusion that the life tenant is a trustee for the remainderman and that a sound public policy requires that any money collected by a life tenant as a total loss by fire should be used in rebuilding or should go to the remainderman.    This holding is at variance with the universally accepted doctrine that a contract of insurance is a personal contract and inures to the benefit of the party with whom it is made, and indemnifies *him* against *loss;* and that the amount paid by the company "is in no proper or just sense the proceeds of the property." *Lerow* v. *Wilmarth*, 9 Allen (Mass.) 382, 385; *Wilson* v. *Hill*, 3 Metc. (Mass.) 66; *King* v. *Mut. F. Ins. Co.*, 7 Cush. (Mass.) 1, 54 Am. Dec. 683; *Columbian Ins. Co.* v. *Lawrence*, 35 U. S. (10 Pet.), 507, 9 L. Ed. 512.

[3] In the instant case, the plaintiff, being a life tenant for the life of another then dead, could not legally collect any sum of money from the company since he was not damaged by the fire.    The remaindermen held no contract with the insurance company by which it agreed to indemnify them against loss or damage. Under these facts, there was no liability upon the insurance company in favor of either party and the settlement made by it with Gearheart must have been made without knowledge of the status of the title to the property, or to prevent a threatened law suit.    The remaindermen are entitled to no part of the money collected by him.

The decree complained of is without error and must be affirmed.

*Affirmed.*