# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

JOHN W. CLEMENTS, ET ALS. V. DORA E. CLEMENTS, ET ALS.

November 12, 1936.

Present, All the Justices.

The opinion states the case.

*O. L. Evans* and *W. H. Carter*, for the appellants.

*J. T. Coleman, Jr., Shrader & McClenny* and *Thomas Whitehead*, for the appellees.

SPRATLEY, J., delivered the opinion of the court.

The record shows the following case:

Charles W. Clements died in the year 1928 seized and possessed of one hundred and fifty-six and one-half acres of land in Amherst county. He was married twice, and left two sets of children. By his first wife he left eight children, the adult complainants, named John W. Clements, Delilah Patterson, Henry E. Clements, Cammie Thurston, Corbett Clements, Smiley Clements, Margaret Lawhorn and Esther Ogden. He left his second wife surviving and two children by her, Zelda and Charles Z. Clements, who were respectively nine and twelve years old in the year 1929. There seems to have been some antagonism and feeling existing between the second wife and the children of the first wife. There was a contest over an alleged will of Charles W. Clements, and the lower court held, in 1929, that Charles W. Clements died intestate. A suit for partition and assignment of dower was brought in December, 1929, by the eight adult children of the first wife against the second wife, Dora E. Clements, and her two infant children. After a course of litigation and the taking of the usual accounts of debts and the settlement of the administrative accounts, by decree entered March 12, 1930, commissioners were appointed, whose duty it was to go upon the land, and if it could be partitioned in kind, to make partition thereof. So much of that decree as we are concerned with was in the following language:

"And the court is further of the opinion and doth hereby decree that the dower of the said Dora Clements should be allotted to her, and that of the remaining ten-fifteenths of said land, that two-fifteenths may be allotted to the said infants jointly, and the remaining eight-fifteenths by consent of counsel for the plaintiffs may properly be allotted to them jointly.

"And it is further adjudged, ordered and decreed that the commissioners hereinafter appointed in making partition of said real estate do lay off and assign by proper metes and bounds one-third in value of said real estate as dower, to the said Dora Clements, widow of Charles W. Clements, deceased, to have and to hold the same for and during her natural life as and for the dower of the said Dora Clements in the said land; and that the same commissioners do, if practical, make

an equal and fair partition in severalty of the residue of the said tract of land among the said heirs at law of the said Charles W. Clements, and if practical, lay off to the said infant children jointly their two-fifteenths adjacent to the dower, and to the plaintiffs, John W. Clements, Delilah Patterson, Henry E. Clements, Cammie Thurston, Corbett Clements, Smiley Clements, Margaret Lawhorn and Esther Ogden, jointly their eight-fifteenths interest in said land, having regard to the quantity and quality and value in making such partition, and for the purpose of making said partition, the court doth hereby appoint J. H. Massie, F. B. Sandidge, M. W. Davis, H. W. Coffey, and F. H. Higginbotham, any three of whom may act. But if said commissioners find that partition cannot be fairly and conveniently made of the said real estate, after assignment of dower, among the parties as aforesaid, they shall report this fact to the court.

"And it is further adjudged, ordered and decreed that before said commissioners or any of them shall proceed to discharge their duties as such commissioners, that they and each of them shall take an oath to faithfully and impartially assign dower to the said Dora Clements, widow, and make a partition of the remainder of the said real estate in accordance with the terms and requirements of this said decree, and they shall return a report of what they shall do under this decree as such commissioners to this court, accompanying same with a description of said lands by metes and bounds of the respective parcels allotted as aforesaid, for which purpose they may retain the services of a surveyor; and they to return with their said report such plats and surveys as may be made and any evidence taken before them pertaining to the matter of the said partition."

Thereafter the commissioners made their report, having had a survey and plat made, which report in part contained the following language:

"(1) That we met on May 1, 1930, on the lands of Charles W. Clements, deceased, and called to our assistance T. W. Saunders, Surveyor, and we together viewed the premises and after due consideration, we were of the opinion that it would

be impracticable to allot to the infant descendants, Zelda Clements and Charles Zedilee Clements, two-fifteenths of said land, and we therefore included the two-fifteenths interest of the said infant children in the land allotted to Dora E. Clements as dower, and we accordingly allotted to Dora E. Clements and the said two infant children of the said Dora E. Clements 36¼ acres of land together with the mansion house, barns, and other out-buildings thereon and the residue of said land containing 120¼ acres, we allotted to the adult heirs of Charles W. Clements, deceased, jointly, namely * * * . The plat of said division made by T. W. Saunders, Surveyor, is herewith returned as a part of this report, and the said parcel of 36¼ acres is designated on said plat as Lot No. 1, and the said parcel of 120¼ acres, is designated on said plat as Lot No. 2. Lot No. 1, we estimated to be seven-fifteenths in value, that is one-third in value of said land, or five-fifteenths thereof to the widow, Dora E. Clements, as and for her dower, and two-fifteenths to her said two infant children, Zelda Clements and Charles Zedilee Clements. Lot No. 2 is estimated to be eight-fifteenths in value allotted to the adult heirs of Charles W. Clements as aforesaid. We are of the opinion and so report that it is impractical to divide in severalty the eight-fifteenths among the said eight adult children of C. W. Clements, deceased.

"(2) That as an appurtenance to Lot No. 1, the widow and minor heirs are to have the use of water from a concrete spring situated on Lot. No. 2, connected with the mansion house Lot No. 1 by pipe line perpetuity, to run with the title to said land, but this with the provision that the owners of Lot No. 1 shall at no time draw the water from said spring below the depth of ten inches.

"(3) That as an appurtenance to Lot No. 2, there is to be given and granted the use of two roads or rights of way across Lot No. 1, as designated on said plat or partition herewith returned. The said plat or blue print showing said partition is in accordance with our views and is approved and adopted by us."

This report, to which no exception was taken, after it had

been returned more than ten days, was duly confirmed by decree entered on August 19, 1930.

The one hundred and twenty acres not being susceptible of partition, were sold and the proceeds properly distributed. Upon a petition filed by O. L. Evans and W. H. Carter, former law partners, and upon their allegation that they were entitled to an interest in the reversion of the land allotted to Dora Clements, as dower, they were admitted as parties to this proceeding.

The circuit court by decree of April 24, 1931, was of the opinion that they were "entitled, as prayed for in their petition, to a one-fourth interest in the reversion of so much of the land allotted said Dora Clements as dower, as otherwise would go to" the adult children of Charles W. Clements.

The above decree is indefinite and uncertain in view of the report of the commissioners of partition. It left unsettled and undecided the definite and described quantity and location of land upon which the alleged reversionary interest was claimed.

The present complainants by decree of February 14, 1935, were given leave to file and accordingly filed a supplemental bill. Among other things, the supplemental bill set out the claim of the plaintiffs to a reversionary estate in the dower assigned to Dora Clements, referring to the decree of April 24, 1931, recited that the residence on the dower land had been destroyed by fire, and that at the time of the fire the same was insured in The Mutual Benefit Fire Association of Amherst county, for twelve hundred dollars (now admitted to be nine hundred dollars); that said Fire Association had acknowledged its liability, and desired the court to determine to whom it should be paid. The supplemental bill prayed that the proceeds arising from the fire insurance should be invested under the direction of the court, and after the payment of proper costs, that the widow should commute her dower therein or be allowed to receive the income therefrom during her life and that at her death it should be distributed in proper proportions among those holding a reversionary interest in said land. To this bill was filed the answer of the

infant defendants by their guardian ad litem, and also the answer of Dora Clements. The answer set out that the fee simple title to the said thirty-six and one-quarter acres mentioned in the commissioners' report, was assigned to the two infant children of the widow subject to her dower, or life estate, therein; that it was true that the buildings were insured in the sum of nine hundred dollars in the Fire Association aforesaid; and that she had had the dwelling insured, and paid all the premiums for the benefit of herself and not for the benefit of any other party. By decree of May 23, 1935, leave was granted to Thomas Whitehead, guardian ad litem of the infant defendants, Zelda and Charles Clements, to file his answer for said infants as guardian ad litem, and containing his prayer that it be treated also as a bill of review by him as their next friend. This decree directed the issue of proper process against the necessary parties, and further directed the Fire Association to deposit the sum of nine hundred dollars to the credit of the court. The answer and proposed bill of review of Thomas Whitehead, guardian ad litem, set out the former proceedings in this suit, prayed for a thorough investigation and examination of the entire record, a review of the decree confirming the partition, and of the decree giving judgment against the infants, and that the aforementioned decrees be set aside and annulled. The complainants filed their replication to this answer reiterating their former contentions and the contentions set up in this appeal.

The Circuit Court of Amherst county by its decree of October 14, 1935, being of the opinion that there was some ambiguity in the report of the commissioners of partition, and that it would be proper to orally examine the three commissioners of partition, who made the report, as to the true intent and meaning of their said report, ordered that they be summoned to appear before the court at a future date. The court, having heard the evidence of each of the three commissioners, in person, that it was their intention and the meaning of their report that the two infant children should get the thirty-six and one-quarter acres described as parcel number 1, in fee, subject to the dower of their mother, as their portion,

and that the adult children by the first wife, should receive one hundred and twenty acres, in fee, as their entire portion, by its decree of November 11, 1935, did so adjudge, and decree. This decree further set aside, annulled and made void any former decrees entered in the cause in conflict with that decree, including the decree of April 24, 1935, adjudging the complainants to be entitled to a one-fourth interest in the reversion of the land allotted as dower; and further directed, adjudged and decreed that the nine hundred dollars, proceeds of a fire insurance policy taken out by Dora Clements on the dwelling-house, upon which the premiums were paid by her, be paid to her in her own right.

The plaintiffs are here appealing from the decree of November 11, 1935, to which there are two assignments of error.

The first assignment of error relates to the action of the trial court in examining orally the commissioners of partition, and to its construction of the meaning of their original report. The second assignment of error relates to the action of the court in decreeing that Dora Clements, the widow, was entitled to receive the insurance money.

A decision adverse to complainants on the first assignment of error would remove from this suit all the interest of the complainants, since if the infant defendants in this proceeding are entitled to a fee simple in the thirty-six and one-quarter acres, subject only to the dower of their mother, none of the complainants have any standing in this proceeding.

Taking up the first assignment of error, we find that the report of the commissioners of partition, while it did not follow strictly the decree directing same, was duly confirmed and approved by the court without any exception thereto being filed, and there was no appeal from the decree of the circuit court confirming same within six months thereafter. A reference to the report, *supra*, shows that the commissioners "were of the opinion that it would be impracticable to allot to the infant defendants, Zelda Clements and Charles Zedilee Clements, two-fifteenths of said land"; that they "therefore included the two-fifteenths interest of the said infant children in the land allotted to Dora E. Clements, as

dower", and that they "accordingly allotted to Dora E. Clements and the said two infant children of the said Dora E. Clements, thirty-six and one-quarter acres of land, together with the mansion house, barns, and other outbuildings thereon, and the residue of said land containing one hundred and twenty and one-quarter acres" to the adult heirs of Charles W. Clements by his first wife. The plat filed with said report shows two parcels and only two parcels—lot number one containing thirty-six and one-quarter acres, and lot number two, containing one hundred and twenty and one-quarter acres. Nothing was assigned to the infant children, by this report, or the decree confirming same, other than a share or interest in lot number one containing thirty-six and one-quarter acres. Whatever interest was assigned to them was to be held by them jointly with their mother. Of this joint assignment the infant defendants did not then, nor do they now, complain. The infants were represented throughout the proceedings by a guardian ad litem, and their present guardian ad litem is found here vigorously representing them.

It does not appear to us that the contentions of the appellants, claimed to be made on behalf of the infants, are made for the protection of the infants, but are made to secure an additional interest in the land for the appellants themselves. It would seem that the decree entered in August, 1930, decided and determined the rights and interests of all parties. The principal question upon this assignment of error is as to what was decided and determined. It is admitted that the meaning of the commissioners' report was not entirely clear. It, therefore, became necessary for the trial court to construe the meaning of the language used in the report, not for the purpose of undoing what had been done, but for the purpose of determining what was done. It frequently becomes the duty of courts to make clear the meaning of title papers to real estate. It so happened in this case that the men who made the report were still living and the trial court was able to have them testify as to their meaning. Their testimony and expressed intention is in accord with the construction that can easily be placed upon the language

used in the report. They testified in complete accord that they intended to give to the infant children lot number one containing thirty-six and one-quarter acres in fee simple, on which was imposed the dower in the entire acreage; that on the death of Mrs. Clements, the whole of that parcel was to be the sole property of the children; that they did not intend, nor try, to cut off the dower in a parcel separate from that of the two infant children; and that in the partition each set of children received their respective parts and all of their share for all time. This makes clear the use of the word "in" used in the phrase, "We, therefore, included the two and one-fifteenth interest of the said infant children *in* the land allotted to Dora E. Clements as dower." The action of the trial court in taking the testimony of the commissioners to ascertain their intention and meaning in order to construe their report, is approved, as well as the construction placed upon the report.

The second assignment of error relates to the action of the court below, in directing the payment of the nine hundred dollars of insurance money to the widow and life tenant, by reason of the destruction by fire of the house on the land assigned as dower.

Having disposed of the first assignment of error adversely to the complainants, there is no necessity to pass upon the second assignment. Since none of the appellants have any interest in the land in question, they have no interest in the insurance money either. Neither of the infant defendants, nor their guardian ad litem set up any claim or interest in same.

The facts in the case presented here are much more favorable to the widow of Clements than in the case of *Thompson* v. *Gearheart*, 137 Va. 427, 428, 119 S. E. 67, 68, 35 A. L. R. 36, where almost the identical question presented here was passed on. The opinion in that case cited some of the cases relied on by the appellants here and distinguishes them from that case. West, J., speaking for the court, said: "The life tenant was under no obligation to insure the property for the benefit of the remaindermen. Each of them had an insurable

interest in the property but a policy in the name of one could not cover the interest of the other. The nature and effect of an insurance contract is to indemnify the *insured* against loss or damage and not some one else who is not a party to the contract; nor has such other party any lawful claim upon the amount realized by the assured under the policy."

The above opinion cited the case of *Harrison* v. *Pepper*, 166 Mass. 288, 44 N. E. 222, 223, 33 L. R. A. 239, 55 Am. St. Rep. 404, wherein it was said: "In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remaindermen. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee. * * * The contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made and by whom the premiums are paid. It is a contract of indemnity against loss. The sum paid 'is in no proper, or just sense, the proceeds of the property.' (Citing cases) * * * Whether the amount of indemnity received by the defendant for her loss was more or less than the value of her interest can not affect the plaintiff."

The rule is stated as follows in Vance on Insurance (1st Ed.), page 421: "The life tenant may insure the property for the protection of his own interests solely, and, if such be the clear intent of the contract, upon the destruction of the property the life tenant will take the proceeds of the insurance absolutely and not merely a life interest in them."

We are of the opinion, for the foregoing reasons, that the final decree of the court below is without error, and must be affirmed.

*Affirmed.*