# Richmond

## C. R. Lynch, Sr., Et Al., &c. v. Ogden C. Johnson, Harford Mutual Insurance Company, and Willie Lytton Johnson.

November 22, 1954.

Record No. 4277.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Thomas J. Bondurant* and *A. T. Griffith,* for the plaintiffs in error.

*Burns & Lively,* for the defendants in error.

SMITH, J., delivered the opinion of the court.

This is a garnishment proceeding instituted by C. R. Lynch, Sr., C. R. Lynch, Jr. and Hugh M. Lynch, trading as Lynch Motor Company, against Ogden C. Johnson, judgment debtor, and Harford Mutual Insurance Company, garnishee, for the purpose of subjecting a fund of $4,000.00 held by the insurance company to the payment of their judgment in the sum of $468.00.

In its answer the insurance company admitted that it was holding $4,000.00 which was due and payable under the terms of a policy of fire insurance issued to "Willie Lytton Johnson, Administratrix of the Estate of W. J. Johnson, and Ogden C. Johnson, as his interest may appear." The answer further stated, however, that the insurance company was unable to determine to whom and in what proportions payment of the proceeds of the policy should be made.

Ogden C. Johnson, in his answer, alleged that the Lynch Motor Company was not entitled to maintain this proceeding or to recover any of the proceeds payable on account of the fire which destroyed the house in which he lived, because:  1. the farm and house thereon were held by him and his wife as tenants by the entirety under a deed from his mother, Willie Lytton Johnson, who reserved a life estate for herself and was still living; 2. "the property conveyed, including the house which was burned, and from which the

fund was derived, is expressly conveyed without being liable for the debts of either Respondent or his wife."

Willie Lytton Johnson, in her petition filed by leave of the trial court, denied the right of Lynch Motor Company to recover any of the fund held by the insurance company, because the proceeds of the fire insurance policy "constitutes a trust fund to be applied in restoring the home on the property to the use and benefit of Ogden C. Johnson and Maggie H. Johnson, his wife, during their joint lives, and during the life of the survivor of them, and then in fee in remainder to the living children."

The evidence was heard *ore tenus* and on September 30, 1953, the trial court held that the Lynch Motor Company was not "entitled to subject said fund or any part thereof to the credit or payment" of its judgment against Ogden C. Johnson and dismissed the case, to which judgment we granted this writ of error.

No question was raised in the trial court as to the regularity of the judgment on which the execution was issued, nor as to the validity of the execution, and the only issue before us is whether the fund held by the insurance company is subject to garnishment by the judgment creditor of Ogden C. Johnson.

By deed dated January 8, 1948, Willie Lytton Johnson, after reserving a life estate to herself, conveyed a 152 acre tract of land in Russell county to her son, Ogden C. Johnson and Maggie H. Johnson, his wife, "for and during their natural lives, and the life of the survivor thereof, with remainder in fee" to their children. The deed provided that "during the life-time of the said Ogden C. Johnson and Maggie H. Johnson or the survivor thereof, this tract of land shall be a home for said parties, viz., Ogden C. Johnson and Maggie H. Johnson, and the same shall not be subject to their debts and obligations." The deed also provided that "in event of the remarriage of Maggie H. Johnson thereupon the interest herein conveyed to her shall cease and determine and same shall vest in the children of the said

Ogden C. and Maggie H. Johnson, born to this union."

In addition to reciting that the conveyance was made "for and in consideration of the sum of One Dollar ($1.00) and other good and valuable considerations," the deed provided that Ogden C. Johnson and Maggie H. Johnson "are to pay all taxes due and payable upon said land during the life" of the grantor, Willie Lytton Johnson. There is undisputed testimony that at the time of the conveyance Ogden C. Johnson and Maggie H. Johnson agreed, as part of the consideration, to pay the grantor annually for the use of her life estate; to pay the insurance premiums necessary to continue in effect the insurance then on the property; and, in case of loss or damage by fire or other causes insured against, to apply the insurance proceeds to the repair or restoration of the property damaged or destroyed; and in the event of their failure to perform their obligations as to the consideration, to surrender to the grantor possession of her life estate.

The property conveyed in the deed was acquired by Willie Lytton Johnson by devise from her husband, W. J. Johnson, and at the date of his death was insured in the sum of $4,000.00 on the dwelling house and $500.00 on the barn. Sometime after the death of W. J. Johnson, the beneficiary in the policy was changed to "Willie Lytton Johnson, Administratrix of W. J. Johnson." Then after the execution of the above deed, the terms and agreements of the conveyance and the arrangements as to the insurance were fully disclosed to an agent of the insurance company, who advised that the name "Ogden C. Johnson, as his interest may appear" be inserted in the policy, making the policy payable, in event of loss or damage, to "Willie Lytton Johnson, Administratrix of the Estate of W. J. Johnson, and Ogden C. Johnson, as his interest may appear." This was done by the insurance agent, and the policy was continued in that form and the premiums paid by Ogden C. Johnson until the fire destroyed the house on March 2, 1953. The evidence shows that the insurance company and the parties to the conveyance intended and understood that the policy insured the entire value of the house and barn located on the property.

■ Garnishment is a proceeding which exists only by virtue of statutory enactment. Under our statutes, Code § 8-441 through § 8-449.3, garnishment is the process by which a judgment creditor enforces the lien of his execution against any debt or property due his judgment debtor in the hands of a third person, garnishee.

The word "garnishment" is derived from the Norman French word "garnir," meaning to warn. 38 C. J. S., Garnishment, § 1, p. 200. Thus, a summons of garnishment under our statutes is a warning to the garnishee not to pay the money or deliver the property of the judgment debtor in his hands, upon penalty that if he does he may subject himself to personal judgment. The proceeding of garnishment is in many respects similar to attachment by levy, but as indicated, differs in at least one particular, that is, the creditor "does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value." *Bickle* v. *Chrisman's Adm'x*, 76 Va. 678, 691, 692.

If it appear upon proof or upon confession of the garnishee that he owes the judgment debtor any debt or property, the court "may give judgment against him for any amount found due the execution debtor, and order him to deliver any estate for which there is such liability, or pay the value of such estate, to any officer whom it may designate." Code, § 8-444. However, the garnishee, being a mere stakeholder or custodian of such debt or property, may avoid all personal liability by surrendering to the court for its proper disposition any amount of money or any specific property due the judgment debtor. The court cannot, therefore, enter any order or judgment against the garnishee unless he is found either to be indebted to the judgment debtor, or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law. *Freitas* v. *Griffith*, 112 Va. 343, 71 S. E. 531; *Levine's Loan Office* v. *Starke*, 140 Va. 712, 125 S. E. 683.

Thus, a proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee, and therefore the judgment creditor stands upon no higher ground than the judgment debtor and can acquire no greater right than such debtor himself possesses. In such a proceeding the claim of the judgment debtor against the garnishee must be certain and absolute, because our statutes do not authorize a court of law, in a mere side issue growing out of a garnishment proceeding, to exercise the intricate and complicated duties of a chancellor. *Rollo* v. *Andes Ins. Co.*, 23 Gratt. (64 Va.) 509; *Ayres* v. *Harleysville Mutual Casualty Co.*, 172 Va. 383, 2 S. E. (2d) 303; *Barnes* v. *American Fertilizer Co.*, 144 Va. 692, 130 S. E. 902.

The judgment creditor in the instant case contends that the judgment debtor alone was indemnified by the fire insurance policy and that there was a present fixed liability upon the insurance company to pay him for the insured loss, and therefore the fund in the hands of the insurance company may be subjected to the payment of its judgment. This is a sound contention if the evidence establishes that the judgment debtor had the right to demand payment, either in whole or in part, of the insurance company for his sole benefit. If, however, the evidence establishes that the judgment debtor had no right to demand payment, either in whole or in part, of the insurance company for his own benefit, then the trial court was correct in holding that the Lynch Motor Company was not entitled to any of the insurance proceeds. *Combs* v. *Hunt*, 140 Va. 627, 125 S. E. 661, 37 A. L. R. 621; *Boisseau* v. *Bass*, 100 Va. 207, 40 S. E. 647.

The principal case relied on by the judgment creditor is *Thompson* v. *Gearheart*, 137 Va. 427, 119 S. E. 67, 35 A. L. R. 36, a suit by the grantee against his grantor's administrator for breach of warranty in a deed conveying to the grantee an estate for the life of the grantor. A house on the land was destroyed by fire and the remainderman contended that they were entitled to the proceeds of a fire in-

surance policy which was obtained by the life tenant on the destroyed property in his own name and for his sole benefit. In holding that the remaindermen were not entitled to any part of the insurance proceeds, the court said:

"The life tenant was under no obligation to insure the property for the benefit of the remaindermen. Each of them had an insurable interest in the property, but a policy in the name of one could not cover the interest of the other. The nature and effect of an insurance contract is to indemnify the *insured* against loss or damage, and not some one else who is not a party to the contract; nor has such other party any lawful claim upon the amount realized by the assured under the policy." 137 Va., at page 431.

The court further said it was the "universally accepted doctrine that a contract of insurance is a personal contract and inures to the benefit of the party with whom it is made, and indemnifies *him* against loss; and that the amount paid by the company 'is in no proper or just sense the proceeds of the property.' *Lerow* v. *Wilmarth*, 9 Allen (Mass.) 382, 385; *Wilson* v. *Hill*, 3 Metc. (Mass.) 66; *King* v. *Mut. F. Ins. Co.*, 7 Cush. (Mass.) 1, 54 Am. Dec. 683; *Columbian Ins. Co.* v. *Lawrence*, 35 U. S. (10 Pet.), 507, 9 L. Ed. 512." 137 Va., at page 434.

The holding of the court in the *Thompson* case is eminently sound. For a review of the cases and the reasons for the rule, see 66 A. L. R. 861; 33 Am. Jur., Life Estates, Etc., § 332, p. 837; 46 C. J. S., Insurance, § 1143, p. 21.

The rule of the *Thompson* case is best expressed, however, in *Harrison* v. *Pepper*, 166 Mass. 288, 44 N. E. 222, 33 L. R. A., p. 239, 55 Am. St. Rep. 404, from which the court quoted with approval the following:

" 'In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remaindermen. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's

policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee.' " Citing cases. 137 Va., at page 431. Also quoted with approval in *Clements* v. *Clements*, 167 Va. 223, 233, 188 S. E. 154.

In an annotation in 126 A. L. R. 336, entitled "Rights, duties, and liabilities of life tenant (legal or equitable) and remaindermen in respect of property insurance or proceeds thereof," the following observation is made: "In none of the cases appearing herein is any doubt expressed but that the intention of the creator of the life estate and remainder as to the disposition of the proceeds of insurance on the property or the obligation to pay the cost thereof controls, where such an intention appears."

Hence, it may be said generally, if any person insure his own interest in property in his own right and at his own expense, then he is entitled to the insurance proceeds and the owner of any other interest in that property has no claim to such proceeds; and if the insurance so procured exceeds the value of the insured's insurable interest, then the excess is of no concern to any other person who also has an interest in the property, but is a question exclusively between the insured and the insurer. On the other hand, if any person own an insurable interest in property which is insured for his benefit under any agreement or obligation by some other person, then such owner has an enforceable claim against the proceeds of that insurance. When the persons for whose benefit insurance is secured are not named, or are imperfectly or improperly named in the policy, the identity of such persons may be shown by extrinsic evidence. *Morotock Ins. Co.* v. *Cheek*, 93 Va. 8, 24 S. E. 464; *Boyd* v. *McKee*, 99 Va. 72, 37 S. E. 810; 29 Am. Jur., Insurance, § 205, p. 214; Law of Ev., Va. and W. Va., (Michie, 1954), § 246.

The facts in the instant case are materially different from those in the *Thompson* case, *supra*. In that case there was no agreement or obligation on the part of the life tenant, who secured insurance on the whole fee, to insure the interests of the remaindermen. Here there was an agree-

ment between the parties to the conveyance, made contemporaneously with the execution of the deed and as a part of the consideration, which provided who was to pay the premiums on the policy and what should be done with the insurance proceeds in case of loss. Ogden C. Johnson and his wife contracted to insure the entire value of the property for the benefit of all the persons having an interest in it, which persons included the grantor who retained a life estate, the remaindermen and themselves. It was further agreed that in case insurance money was received as a result of destruction of the insured property it would be used for the restoration of the property destroyed. Thus, by virtue of this agreement, the insurance proceeds in this case stand in the place of the destroyed property, and neither Ogden C. Johnson, the judgment debtor, nor any of the other persons whose interest in the property was insured are individually entitled to these proceeds.

Even if it be assumed that the judgment debtor is individually entitled to some portion of the insurance fund, the evidence does not establish what amount of money is due him. The evidence shows, as above stated, that the insurance policy covered the total value of the destroyed property for the benefit of a life tenant and certain undetermined remaindermen, in addition to the judgment debtor and his wife. The intricate problems involved in determining what portion of $4,000.00 would be due the judgment debtor are apparent when it is remembered that his only interest in the property is a joint life estate with the right of survival subject to a prior life estate on which he holds a joint lease.

It follows, therefore, that since there is no definite, fixed portion of the insurance fund which the judgment debtor can acquire in his own right, his judgment creditor cannot in this garnishment proceeding subject that fund to the payment of its judgment.

Our decision on this phase of the case makes it unnecessary to decide the judgment debtor's contentions that the insurance fund is not subject to garnishment because under

the provisions of the deed he is the beneficiary of a spend-thrift trust and because his interest in the property is that of a tenant by the entireties.

For the reasons stated the trial court was correct in holding that the Lynch Motor Company was not entitled to subject any part of the insurance fund to the payment of its judgment against Ogden C. Johnson, and therefore the judgment of the trial court is affirmed.

*Affirmed.*