## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Northern Neck Mutual
Fire Association of Va.

v.

Garland M. Layton,
M. J. Pitrone,
Edward W. Bell,
Pleasure House, Inc.,
and Southern Amusement Corp.

July 29, 1982

By JUDGE GEORGE W. VAKOS

After a careful review of the pleadings and the legal memoranda filed in the above case and after researching the authorities cited, I am of the opinion that Garland M. Layton is entitled to receive all of the funds interpleaded by Northern Neck Mutual Fire Association of Virginia.

Without repeating the facts of the case, it is sufficient to state that monies payable from the insurance policy in question are not "proceeds" in the sense that they were received as a result of disposition of the collateral of the security interests of Southern Amusement Corporation. "Proceeds" specifically exclude insurance payable to a person other than a party to the security agreement. In the instant case, the insurance was "payable to Garland M. Layton and Michael J. Pitrone as their interests may appear." Garland M. Layton was not a party to the Southern security agreement. Va. Code Ann. § 8.9-306 (1982 Cum. Supp.); *Lynch v. Johnson*, 196 Va. 516, 522 (1954).

If Southern had wished to have its security interest protected against loss by fire it could have required such protection as a condition of the note, as did Mr. Layton; or Southern, having an insurable interest could have obtained its own insurance. The nature and effect of an insurance contract is to indemnify the *insured* against loss and not someone who is not a party to the contract. A holder of a security interest in chattels insured by a policy payable to him as his interest may appear is entitled to payment of his claim out of the insurance monies in case of loss, in preference to other creditors, although the security interest was not properly perfected. *Manson v. Phoenix Ins. Co.*, 64 Wis. 26, 24 N.W. 407, as cited in 44 Am. Jur. 2d 675 (1969).

The motion of Garland M. Layton to withdraw funds in the amount of $15,350.14 deposited with the court is granted, such withdrawal of funds to be deducted from amounts due Layton by prior owners of the secured property.