## CIRCUIT COURT OF LOUDOUN COUNTY

Berge et al.

v.

John Novitsky et al.

June 14, 1995

Case No. (Law) 16166

By Judge Thomas D. Horne

On October 31, 1994, Plaintiffs caused a garnishment summons to be issued against John Novitsky, the judgment debtor, and Budget Self Storage, garnishee. Section 8.01-511 et seq., Code of Virginia. Novitsky held a self-storage locker with Budget. The summons was made returnable November 28, 1994, before the General District Court. In an Answer and Amended Answer, dated November 2, 1994, and November 10, 1994, respectively, the garnishee reported that while the judgment debtor maintained a locker with Self Storage, he was not their employee and that they were not holding his money or other property.

Subsequent to the return date of the garnishment summons, the Court, at the request of the judgment creditor, issued a rule returnable to December 28, 1994. Section 8.01-519, Code of Virginia.

The General District Court subsequently dismissed the rule and ordered sanctions against counsel for the judgment creditor. The case is presently before the Court for a *de novo* hearing not only on the merits of the underlying garnishment but also upon the rule and order of sanctions.

The judgment creditors have elected to rely upon the papers filed in the case, their memorandum of points and authorities, and oral arguments. As counsel for the garnishee has observed, the record reveals that the writ of fieri facias was never served upon Self Storage and was returned unexecuted. In considering the instant case, it is helpful to keep in mind that:

> [t]he court cannot . . . enter any order or judgment against a garnishee unless he is found either to be indebted to the judgment debtor or to have possession of property of such debtor for

> which debt or property the judgment debtor himself could maintain an action at law . . . . A proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee . . . [i]n such a proceeding, the claim of the judgment debtor against the garnishee must be certain and absolute . . . . *Lynch v. Johnson,* 196 Va. 516, 520, 521 (1954).

In the instant case, there was no service of the fieri facias upon the garnishee. Any claim which Novitsky might hold against Self Storage is purely speculative. There is no indication from the papers in this case that at the time of the execution of the garnishment summons that the garnishee was either indebted to the judgment debtor or entitled to recover from the judgment creditor upon any claims for such property.

The garnishment creditor, by pursuing the instant proceedings against Self Storage, might avoid the requirements of bond and of sale incident to an execution and levy. However, such relief cannot be afforded where there exists no evidence of a right of recovery by the judgment debtor against the garnishee.

The authorities cited by the judgment creditor are inapposite to the facts of the instant case. Accordingly, the garnishment action, including the rule, will be dismissed. The Court does not believe that sanctions in the amount of the attorney's fees prayed for by the garnishee are appropriate to the case. However, the Court does find that Self Storage is entitled to recover the sum of $300.00 against the Plaintiff and its counsel pursuant to the provisions of § 8.01-271.1, Code of Virginia.