## CIRCUIT COURT OF THE CITY OF RICHMOND

Waco, Inc.

v.

Intermetrix, Ltd., et al.

December 2, 1996

Case No. LA-884

BY JUDGE MELVIN R. HUGHES, JR.

This is a garnishment proceeding wherein the garnishee has answered it is holding no funds that are due the judgment debtor. The judgment creditor contests this. The background, according to a stipulation entered into by the parties, is as follows.

Waco, Inc., obtained a judgment against Intermetrix, Ltd. (Metrix) for $146,856.97 on April 17, 1995. Believing that Hartzell Fan, Inc., the garnishee, owes Metrix in excess of $35,000 for sales commissions, Waco thereafter instituted the two garnishments now at issue. Whether Hartzell owes Metrix commissions depends on Metrix's handling of six checks totalling $41,253.52.

Hartzell and Metrix had a written sales agreement. Pursuant to the agreement, Hartzell paid Metrix commissions on sales generated by Metrix. Metrix received orders from customers and submitted them to Hartzell for approval. Hartzell would invoice the purchaser and when the customer paid, a sales commission would be due Metrix. Metrix received five of the checks totalling $34,387.93 from customers of Hartzell. Metrix endorsed the checks and deposited the funds into its account. These checks were payable to Hartzell and represented amounts due on sales out of which Metrix was due sales commissions. The sixth check was made payable to Metrix by Hartzell's customer. Metrix endorsed this check as well and deposited the funds into its account.

After having been served through the Secretary of the Commonwealth and certificates of compliance filed on August 1, 1995, and on October 23,

1995, Hartzell answered the garnishment summons by filing an exhibit detailing the commission account of Metrix. As of May 25, 1995, Hartzell owed Metrix commissions totalling $39,419.13. By September 15, 1995, and December 22, 1995, the dates the garnishments were returnable to the court, Hartzell had made adjustments against commissions due Metrix. Thus, the question is what, if any, sums were due from Hartzell to Metrix at the time Hartzell was served.

While earlier claiming that Metrix breached the sales agreement by endorsing and depositing the check proceeds, Hartzell credited Metrix's commission account in the amount of the checks in order to offset the amount it owed Metrix. As a result of the offset, Hartzell contends, Metrix now owes Hartzell $723.40. Thus, Hartzell takes the position that, at the time Waco's judgment became a lien on any debts it owed Waco by Metrix, there was nothing due.

In its assertion that Hartzell is indebted as garnishee, Waco relies on several provisions of the Uniform Commercial Code (UCC) governing negotiable instruments. As to the five checks made payable to Hartzell Waco contends Metrix forged these instruments and Hartzell never received the funds from its customers. As to the sixth check, the one that was made payable to Metrix, Waco contends this was a mistake, and Hartzell never acquired any interest in the check which was improperly made payable to and delivered to Metrix. Thus, without ever acquiring any interest in the instruments, Hartzell cannot claim conversion and therefore cannot offset what is due on the sales commissions. Responding, Hartzell maintains that by the time of the effective date of the garnishments the checks had already been deposited. Secondly, although Metrix refused to turn over the checks after Hartzell's demand, Hartzell maintains it was proper to take the offsets. To disallow its actions in this garnishment proceeding would require the court to exercise the intricate and complicated duties of a chancellor by examining issues related to conversion, delivery, fraud, and the UCC, something a garnishment court ought not do according to *Lynch v. Johnson*, 196 Va. 516, 520 (1954). The court, however, agrees with Waco's assessment. When the garnishments took effect, it was improper for Hartzell to take an offset because it had no rights to the instruments themselves.

Waco's rights on the garnishments are the same as Metrix's rights to recover against Hartzell. *Id. Lynch* explains the principle of garnishment proceedings as:

> substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee, and therefore the judgment creditor stands upon no higher ground than the judgment debtor and can acquire no greater right than such debtor himself possesses.

*Id.* at 521. Under our statues §§ 8.01-511 to 8.01-525, garnishment is a "proceeding to enforce the lien of a writ of fieri facias on a liability of any person other than the judgment debtor." The proceeding has otherwise been described as a "proceeding by the judgment debtor in the name of the judgment creditor against the garnishee" *Virginia Nat'l Bank v. Blofeld*, 234 Va. 395, 399 (1987).

Under the UCC provision § 8.3A-420:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to an instrument for a person not entitled to enforce the instrument or receive payment. *An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or (ii) a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or co-payee.* [Emphasis supplied.]

The parties agree that Metrix improperly endorsed the checks, without the knowledge or consent of Hartzell. Having never acquired an interest in the checks themselves, Hartzell could not offset any amount it owed Metrix on sales commissions. Without a claim of conversion, Hartzell could not properly offset what it owed Metrix. This result follows from straightforward principles applied to the rights of the parties on the checks as negotiable instruments under the UCC. While the UCC provisions in these instances allocate losses equitably as the circumstances should permit, when applied, they make the judgment creditor's claim here certain under those principles now codified in the law of the UCC.

Their application here is also entirely consistent with the right of the judgment creditor to take on the rights of the judgment debtor vis-a-vis the garnishee in these proceedings. Courts have held that when a debt has a present existence, even though payable at a future date, it is subject to the lien of a *fieri facias* and may be reached by garnishment. *Boisseau v. Bass's Adm'r*, 100 Va. 207, 210-211 (1902). Thus, the *fieri facias* became

a lien when the garnishment was issued and served. *In re Lamm,* 47 Bankr. 364 (E.D. Va. 1984).

Accordingly, Waco can look to Hartzell for whatever sums were due Metrix on the service dates, August 1 and October 23, 1995.