**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1468**

---

WELLS FARGO BANK, Indenture Trustee,

Plaintiff - Appellee,

versus

LEVIN PROFESSIONAL SERVICES, INCORPORATED, t/a
Washington Professional Systems,

Defendant - Appellant,

and

HENNINGER MEDIA SERVICES, INCORPORATED, Lessee
of Lease No. 4023,

Defendant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (CA-03-427-A)

---

Argued:  May 26, 2006                    Decided:  July 12, 2006

---

Before WILKINSON and WILLIAMS, Circuit Judges, and Glen E. CONRAD,
United States District Judge for the Western District of Virginia,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** John Holt Harman, COGGINS, HARMAN & HEWITT, Silver Spring, Maryland, for Appellant. Robert A. Jaffe, KUTAK ROCK, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Jeffrey S. Jacobovitz, KUTAK ROCK, L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Levin Professional Services, Inc. ("Levin") appeals the ruling of the district court granting summary judgment for Wells Fargo Bank ("Wells Fargo") and denying Levin's cross motion for summary judgment.* The action was brought by Wells Fargo, an indenture trustee, against Levin, an equipment vendor, alleging that Levin improperly garnished lease payments owed to Wells Fargo. We affirm the well-considered opinion of the district court.

### Factual and Procedural Background

Levin is a Maryland corporation engaged in the sale of equipment. In the course of its business, Levin sold equipment to Terminal Marketing Company, Inc. ("Terminal"), which leases equipment. Terminal then leased the equipment purchased from Levin to Henninger Media Services, Inc. ("Henninger") in Lease 4023.

On August 1, 2000, Terminal sold the lease to Terminal Finance Corporation II ("TFC II"), a special purpose corporation created to facilitate the sale and assignment of leases. TFC II then sold the lease to Wells Fargo for cash payments from noteholder beneficiaries for whom Wells Fargo is trustee. Terminal received

---

*Oral argument and consideration of this appeal were postponed pending the U.S. Supreme Court's review of <u>Wachovia Bank v. Schmidt</u>, 388 F.3d 414 (4th Cir. 2004). The Supreme Court held that a national bank is a citizen of the state in which its main office, as designated in the articles of association, is located. <u>Wachovia Bank v. Schmidt</u>, 126 S. Ct. 941, 952 (2006). The jurisdictional question having been resolved, this case was rescheduled for oral argument during this term.

3

payments of $294,098 for the lease, and Wells Fargo took possession of the lease.

On March 5, 2001, Levin filed suit in the U.S. District Court for the District of Maryland against Terminal for failure to pay invoices, including an invoice for the property delivered to Henninger. Default judgment was granted on July 17, 2001. Levin registered the default judgment in the U.S. District Court for the District of Columbia and that court issued a Writ of Attachment to Asgard Entertainment Group, Inc. ("Asgard"), another entity that had leased equipment from Terminal which Terminal had purchased from Levin. On October 18, 2001, Levin entered its foreign judgment against Terminal in the U.S. District Court for the Eastern District of Virginia. Shortly thereafter, Wells Fargo was advised of the default judgment and garnishment entered against Asgard. Wells Fargo's counsel advised Asgard that Wells Fargo had the right to receive payment on Lease 4056, because of the previous purchase from Terminal. On December 5, 2001, Levin served a garnishment summons on Henninger.

On January 14, 2002, Wells Fargo intervened in the Asgard garnishment action by filing its opposition to a motion for condemnation of property. Henninger answered its summons by stating that it was obligated to pay Terminal under Lease 4023, but a magistrate judge later ordered Henninger to deliver those payments to Levin. On July 15, 2002, Henninger filed for Chapter

11 bankruptcy. The bankruptcy court eventually granted Wells Fargo relief from the automatic stay, allowing Wells Fargo to bring suit to enjoin Henninger from making further payments to Levin. Wells Fargo brought the instant action on April 7, 2003.

**Discussion**

We conduct a de novo review of the district courts' summary judgment rulings, viewing the record in the light most favorable to the nonmoving party. Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). Cross motions for summary judgment are given the same standard of review and "we consider and rule upon each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard." Monumental Paving & Excavating, Inc. v. Pa. Mfrs' Ass'n Ins. Co., 176 F.3d 794, 797 (4th Cir. 1999).

*Plaintiff's Motion for Summary Judgment*

In the present case, the district judge considered both of the motions for summary judgment, granted the plaintiff's motion, and denied the defendant's motion. Wells Fargo Bank Minn., N.A. v. Levin Prof'l Servs., Inc., 348 F. Supp. 2d 638 (E.D. Va. 2004). In its motion for summary judgment, Wells Fargo asserted that the defendant could not meet its burden to show a genuine issue as to any material fact, and that Levin's garnishment of the payments under Lease 4023 was improper because Terminal lacked rights to both the lease and the lease payments at the time of the

5

garnishment.  Levin stipulated that the transfer of Lease 4023 to Wells Fargo occurred prior to any default by Terminal.

We agree with the district court as to the plaintiff's motion for summary judgment.  Wells Fargo was a bona fide purchaser for value who took possession of the lease prior to Levin's garnishment action.  The assignment of the lease from TFC II to Wells Fargo was valid under New York law, which was the parties' choice of law to govern the assignment, and predated Levin's garnishment action. See Leon v. Martinez, 638 N.E.2d 511, 513, 84 N.Y.2d 83, 614 N.Y.S.2d 972 (1994) (noting that New York law does not require any particular phraseology to effect an assignment, "it is only required that there be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned").  No genuine issue of material fact exists as to the validity of the lease assignment.

In granting the plaintiff's motion for summary judgment, the district court correctly applied the well-established tenet of Virginia law that when the judgment debtor has no interest in the property held by the garnishee, the writ does not create a valid lien on that property.  See, e.g., Int'l Fidelity Ins. Co. v. Ashland Lumber Co., Inc., 250 Va. 507, 511, 463 S.E.2d 664 (1995) ("[W]hen the judgment debtor has no interest in the property held by the suggested garnishee, the writ does not create a valid lien on that property, and the suggestion for summons in garnishment

6

must fail."); <u>Lynch v. Johnson</u>, 196 Va. 516, 84 S.E.2d 419 (1954). Levin's garnishment of the Lease 4023 payments was therefore improper, and summary judgment was appropriately granted to the plaintiff.

*Defendant's Motion for Summary Judgment*

We also conclude that the district court properly denied defendant's motion for summary judgment. We agree that the defenses asserted by Levin, including laches, res judicata, and collateral estoppel, are without merit.

## Conclusion

A <u>de novo</u> review of the competing motions for summary judgment here requires the conclusion that the district court properly granted the plaintiff's motion for summary judgment and denied the defendant's motion.

The judgment of the district court is hereby

<u>AFFIRMED</u>.

7