40

# CIRCUIT COURT OF FAIRFAX COUNTY

Maria-Theresa Wilson

v.

Vincent L. Abell

August 5, 2008

Case No. CL 2008-0801

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on Plaintiff Wilson's Motion to Compel Disclosure of Funds Subject to Writ of Fieri Facias. After reviewing the pleadings, each party's briefs, and the arguments presented at oral argument, the Court denies the Plaintiff's Motion as amended in oral argument for the reasons described below.

*Background and Factual Findings*

This matter came before the Court on the Plaintiff's Motion to Compel Disclosure of Funds Subject to Writ of Fi. Fa. The Plaintiff obtained a judgment of $60,000 in compensatory damages and $2,000,000 in punitive damages from the Superior Court of the District of Columbia. Jackson & Campbell, P.C. (J & C) had previously represented the Defendant Vincent L. Abell. Plaintiff filed the Writ against J & C in Fairfax Circuit Court, and pursuant to the Plaintiff's Motion to Compel, delivered it to the Office of the Sheriff of Fairfax County on February 22, 2008. The Writ had the return date of April 16, 2008.

To enforce that Writ, Plaintiff filed a separate garnishment action to which J & C was the garnishee. The garnishment summons was issued on February 22, 2008, and the return date was March 7, 2008. J & C answered the garnishment summons on March 7, 2008, saying that, from February 22, 2008, through the present J & C, never held any property or funds of the Defendant. The Plaintiff does not contest this assertion, but does speculate that the garnishee did not provide services to the Defendant *pro bono*. J & C's answer at oral argument to this speculation was that they were paid for representing the Defendant from funds outside of any trust account or retainer agreement as of February 22, 2008. On May 7, 2008, Plaintiff filed the Motion to Compel Disclosure of Funds Subject to Writ of Fi. Fa.

At oral argument, Plaintiff's counsel amended his motion, asking that the Writ be allowed to remain open indefinitely. Defendant maintains that Plaintiff's amended motion should be denied as "moot." The only issue remaining in this case is whether this Court should allow the Writ to continue indefinitely against J & C even though J & C did not and does not possess any of the Defendant's funds or property.

## Analysis

The Writ is an execution of a judgment that creates a lien on a debtor's personal property. Va. Code Ann. § 8.01-501 (2008). "Garnishment is the process by which a judgment creditor may enforce the lien of his writ of fieri facias against any debt or property due his judgment debtor that is held by a third party, the garnishee." *Marcus, Santoro & Kozak, P.C. v. Wu*, 274 Va. 743, 753, 652 S.E.2d 777, 783 (2007) (citing *Lynch v. Johnson*, 196 Va. 516, 520, 84 S.E.2d 419, 421 (1954)); see also Va. Code Ann. § 8.01-511. The Writ derives from a common law action and:

> is a lien from the time it goes into the hands of the officer to be executed, upon all the personal estate of the debtor, including debts due to him, with the exception stated in the statute; and this lien continues after the return day of the execution; and only ceases when the right to levy the execution, or to levy a new execution upon the judgments ceases or is suspended by a forthcoming bond, or by a *supersedeas* or other legal process.

*Charron & Co. v. Boswell*, 59 Va. (18 Gratt.) 216, 218 (1868). The Virginia Code provides that the Writ shall cease "whenever the right of the judgment creditor to enforce the judgment by execution or by action, or to extend the

right by motion, ceases." Va. Code Ann. § 8.01-505 (2008). Therefore, the Writ shall cease when the garnishment, the action to enforce the Writ, is answered. The court cannot enter any order or judgment against the garnishee unless he is found either to be indebted to the judgment debtor or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law. *Lynch v. Johnson*, 196 Va. 516, 520, 84 S.E.2d 419, 422 (1954).

Here, J & C timely filed their answer to Plaintiff's garnishment summons. See CL 2008-771. In that answer, J & C has stated in good faith that, during the period from February 22, 2008, through the present, as levied by the Writ and enforced by the garnishment, J & C did not possess any funds or property of the defendant. Also, J & C is not indebted to the Defendant. Plaintiff does not contest these answers with any evidence or factual allegations. Thus, the action to enforce the execution has ceased and so does the Writ.

The Court finds that the above amended motion to keep the Writ of Fieri Facias open indefinitely is not consistent with the Code of Virginia or Virginia common law and is, therefore, denied.