## Wytheville.

### FREITAS V. GRIFFITH & BOYD.

June 8, 1911.

1. EXECUTIONS—*Garnishment—For What Garnishee Liable—Title in Garnishee—Fraudulent Transfers from Husband to Wife.*—On a summons on suggestion, the court can make no order against the garnishee unless he owes a debt to the defendant in the execution, or has in his hands personal estate of such defendant, for which debt or estate the defendant could maintain an action at law. Personal property fraudulently transferred to a wife by her husband cannot be reached by a summons in garnishment on the wife upon an execution against her husband. The garnishment statute does not contemplate or operate upon estate in the possession of the garnishee to which he has title. Section 3614 of the Code furnishes an efficient remedy, by action at law or suit in equity, for reaching such property; or the execution creditor of the husband may ignore the transfer from the husband to the wife and levy on the property as that of the husband, and, upon proper proceedings had, have it sold, or the title thereto tried.

Error to a judgment of the Circuit Court of Norfolk county in a garnishment proceeding. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. Edward Cole,* for the plaintiff in error.

*W. H. Sargeant, Jr.,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

The defendants in error, Griffith and Boyd, execution creditors of J. D. Freitas, the husband of the plaintiff in error, M. J. Freitas, issued a summons against her under

section 3609 of the Code, in which they suggested that by reason of the lien of their *fieri facias* there was a liability on her for the amount of their judgment. On the return day of the summons, the garnishee answered, denying that she was either indebted to J. D. Freitas or had any effects belonging to him in her possession. Whereupon, the plaintiffs suggested that the garnishee had not fully disclosed her liability, and neither party demanding a jury, the court proceeded to hear the whole matter of law and fact, and being of opinion that certain personal property in the possession of and claimed by the wife as her own, of the estimated value of $500, had been transferred by the husband to the wife in fraud of the rights of the plaintiffs, rendered judgment against her for that sum, to be applied towards satisfying the plaintiff's judgment.

Several assignments of error were pressed in argument, but, in our view of the case, the controlling question involves the power of the circuit court, in a summons on suggestion by an execution creditor of a husband, to set aside an alleged fraudulent transfer of personal property from him to the wife.

Proceedings on suggestion are prescribed by sections 3609 to 3613 of the Code, inclusive, and by the terms of these enactments the court can make no order against the party summoned unless he is found to be either indebted to the execution debtor, or to have estate of such debtor in his possession. In the present case, neither of these conditions were shown to exist. It was not pretended that the garnishee was indebted to the execution debtor, or that she had estate of the defendant in her hands. Indeed, the fact was gravely controverted, whether the property in question had ever belonged to the husband. On the contrary, the wife asserted absolute title to the property, which she maintained had been in her undisputed posession for years, and used by her on her farm near the city of Norfolk.

Conceding, however, for the purpose of this case, that the property originally belonged to the husband, and was transferred by him to the wife, the transfer, nevertheless, would have been binding upon the husband, and he could not have maintained a suit against the wife for its recovery. The statute does not contemplate or operate upon estate in possession of the garnishee to which he has title, but only estate of the execution debtor for the recovery of which he may maintain an action in his own behalf against the holder. The law, in one form or another, makes ample provision for the recovery and subjection of all the debtor's personal estate on which the writ of *fieri facias* is a lien; but this special procedure by suggestion is available only in the two instances mentioned in the statute. It affords no remedy for the enforcement of purely equitable liabilities. Section 3614 provides an efficient remedy, by action at law or suit in equity in the name of the officer, to recover estate, or for the enforcement of any liability in respect to any such estate on which a *fieri facias* in his hands, or the judgment on which it issues, is a lien.

In *Swann* v. *Summers*, 19 W. Va. 115, the West Virginia court in construing sections of the Code of that State substantially the same as the Virginia statute, held that in a proceeding on suggestion the court could make no order against the garnishee, unless he owes a debt to the defendant in execution, or has in his hands personal estate of such defendant, for which debt or estate the defendant could maintain an action at law. Otherwise, suit would have to be brought under a statute corresponding to section 3614 of the Virginia Code.

In addition to the remedy given by section 3614, it was held, in *Hoge* v. *Turner*, 96 Va. 624, 32 S. E. 291, that, "Creditors seeking to avoid a conveyance of personal property from a husband to a wife on the ground of fraud, may either sue in equity to avoid the conveyance and subject the

44

property, or they may ignore the conveyance, and, after obtaining judgment, levy an execution on the property and sell it. In the latter case, if the wife claims the property levied on for her husband's debts and an indemnifying bond is given for her protection, she may assert her claim by a suit on the indemnifying bond." Citing *Harvey* v. *Fox,* 5 Leigh 444; *Green, Trustee,* v. *Spaulding,* 76 Va. 411; 4 Min. Inst. (1st ed.) 818.

For these reasons, the judgment under review must be reversed, and this court will enter such judgment as the circuit court ought to have rendered, dismissing the proceeding.

*Reversed.*