## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Bank of Virginia

v.

Golubin and Warwick, Inc., et al.

October 5, 1981

Case No. (Law) 6817

By JUDGE ALBERT H. GRENADIER

This case comes on to be heard upon the notice and motion of the principal defendant, Golubin and Warwick, Inc., for an order releasing certain funds being held by Burke & Herbert Bank & Trust Co. pursuant to a garnishment summons filed herein. Golubin and Warwick claims that of the sum of $7,912.54 being held by the co-defendant Bank, $4,195.94 represents money it holds in trust for its subagents and other brokers for commissions due, $1,201.00 represents a deposit due a client on a cancelled contract, and $487.50 represents the net proceeds due a client landlord for rent collected and not yet paid. Counsel for the plaintiff concedes that the latter two items are not subject to the lien of the garnishment. The issue to be resolved by the Court is whether the sum of $4,195.94 should be released from the lien of the garnishment.

The facts are not basically in dispute. The bank account in question is Golubin and Warwick's "running" or "operating" account, as contrasted with an escrow or trustee account. The corporation draws checks on this account to defray the operating expenses of the corporation as well as to pay commissions due its subagents and other brokers. The funds collected to pay these commissions is commingled with other funds owned by the corporation

in the subject bank account. The account is not used exclusively for the collection and payment of commissions.

A judgment lien creditor may only garnish a debtor's property to the extent of the debtor's interest in such property. *Lynch v. Johnson*, 196 Va. 516, 521 (1954). Funds cannot be garnished in an action against the depositor where they have been deposited in trust, or belonged to another. If the deposit is clearly made in an escrow account or deposited in the name of the debtor as "agent" or "trustee" or other words suggesting that the depositor is acting as an agent or fiduciary of a third person, then it cannot be garnished. However, in the absence of evidence that the account was, in fact, an escrow account, the account may be garnished by a judgment creditor. See 6 Am.Jur.2d 676, *Attachment and Garnishment*, Section 162; *Homestead Title Service, Inc. v. Todd Equipment Leasing Company*, 362 So.2d 133 (Fla. App. 1978).

In addition, Golubin and Warwick has no standing to claim any portion of this bank account on behalf of any other person. Section 8.01-365 of the Code of Virginia provides the exclusive method by which an interest can be claimed in attached property and under the provisions of this section the person whose property is attached is not entitled to claim an interest in the property on behalf of another person. Public policy forbids a debtor from setting up, as a device for avoiding obligation, the pretense that funds on deposit in his name are held by him as trustee for another and such defense can only be made by intervention in the cause by the principal or cestui que trust. The intervenor, who has the burden of proving ownership, must have a demonstrable interest in the property by way of lien or claim of title to the property. *See Gay v. Peoples Hardware Company, Inc.*, 221 A.2d 923 (D.C. 1966).

Even if these claims had been asserted by the appropriate parties, they would still have to be denied. The claimants clearly have no legal or equitable right to the funds in Golubin and Warwick's checking account. They are merely creditors of Golubin and Warwick and stand in the same shoes as any other creditor. To permit a claim of a general creditor to have priority over the claim of a judgment creditor with respect to property attached by that judgment creditor would be inequitable, to say the least.

Accordingly, it is the opinion of the Court that the defendant Golubin and Warwick's motion to release the sum of $4,195.94 from the funds being held by the Bank pursuant to this garnishment must be denied.

The Court will request Mr. Rosenblum to prepare an order consistent with this opinion, releasing from the lien of the garnishment the two conceded items and directing payment of the balance of the account to the plaintiff to be applied on its judgment.