# Holston International, Inc.

## v.

# Donald Coulthard, et al.

Record No. 901137

March 1, 1991

Present: All the Justices

*James P. Jones (Penn, Stuart, Eskridge & Jones*, on briefs), for appellant.

*George M. Warren, Jr. (Robert B. Dickert; Warren & Dickert*, on brief), for appellees Donald Coulthard and Anne K. Coulthard.

(*J. Scott Sexton; Gentry, Locke, Rakes & Moore*, on brief), for appellee Transamerica Commercial Finance Corporation.

JUSTICE COMPTON delivered the opinion of the Court.

This is a creditor's rights controversy involving a matter of procedure. We consider whether the trial court erred in a garnishment proceeding by joining a third-party claimant and by adjudicating in that proceeding the validity of the third party's claim to the fund which was the subject of the garnishment.

The facts are not in dispute. In January 1988, appellees Donald Coulthard and Anne K. Coulthard obtained a judgment in the court below against Thomas E. Dotson and Hubs & Wheels, Inc., in the principal sum of $425,481.37. At the time, an action brought by the judgment debtors against the Goodyear Tire & Rubber Company seeking various relief, including money damages, was pending in the United States District Court for the Western District of Virginia. On November 28, 1988, the federal action was settled and was dismissed with prejudice.

On November 29, 1988, the present garnishment proceeding was instituted by the judgment creditors against the judgment debtors and Goodyear as garnishee. The summons in garnishment was returnable on February 27, 1989.

On February 22, 1989, Goodyear filed an answer and asserted that it did not "hold money or other property of either Judgment Debtor." Goodyear further stated that the federal litigation had been settled but that "no sums were due and payable" by it to either judgment debtor. Goodyear asserted, however, that "certain sums were payable to a third party, [appellant] Holston International, Inc., by Garnishee." Goodyear stated that the sums had been paid in escrow to attorneys for Holston "pending the outcome of this proceeding." Neither judgment debtor filed any response or otherwise appeared.

In March 1989, the trial court continued the garnishment proceeding generally in order to permit the judgment creditors to conduct discovery. During discovery, Goodyear produced documents dated in February 1989 which set forth the terms of settlement of the federal litigation instituted by the judgment debtors.

According to the documents, which recited the pendency of the garnishment proceeding, Goodyear agreed to deposit with Fox, Wooten & Hart, as attorneys for Holston, the sum of $100,000 in escrow pending the final determination by the courts of the judgment creditors' entitlement, if any, to the fund held in escrow. As part of the agreement, the judgment debtors, as well as other entities controlled by judgment debtor Dotson, released Goodyear

from all claims raised in the federal litigation. Holston, which was wholly owned by Dotson's wife, was a party to the release.

In May 1989, the judgment creditors filed a motion asking the court to join Holston and Fox, Wooten & Hart as necessary parties to the garnishment proceeding. Asserting that Holston's claim to the fund could not be adjudicated in its absence, the judgment creditors alleged that the transfer to Holston was without consideration and constituted an attempt to hinder, delay, and defraud them.

In June 1989, the court added the parties and Holston filed an answer denying the allegations of fraud. Asserting that it was entitled to the fund held in escrow, Holston contended that the "present proceeding is an improper and invalid method to try the question of Holston's right to receive said sum of money being held in escrow." Also, Holston asserted that it was not a proper party to the proceeding. Fox, Wooten & Hart answered and acknowledged it was holding the fund subject to the court's order. In July 1989, Goodyear was dismissed from the proceeding.

In August 1989, the trial court, sitting without a jury, conducted an evidentiary hearing. The court ruled that the "sum of $100,000.00 presently held by the law firm of Fox, Wooten & Hart is the property of the judgment debtors, and was the property of or owed to the judgment debtors and subject to the garnishment herein at the time it was paid over to said law firm by the original garnishee, Goodyear Tire & Rubber Company." The court further ruled "that the claim of Holston International, Incorporated to said sum is not supported by the evidence and is hereby accordingly denied."

Subsequently, Transamerica Commercial Finance Corporation was made a party to the proceeding because it asserted a superior lien on the assets of one of the judgment debtors. Later, a settlement was reached which provided for a division of the fund between the judgment creditors and Transamerica. In a May 1990 final order, from which we awarded Holston this appeal, the trial court noted the settlement and dismissed the garnishment proceeding. Distribution of the funds has been stayed pending this appeal.

The trial court's substantive rulings made following the August 1989 hearing are not challenged on appeal. Holston's sole assignment of error is, "The trial court erred in allowing the question of

a fraudulent conveyance to be tried and determined in a garnishment proceeding."

On appeal, Holston notes that garnishment is a statutory proceeding and that the issues ordinarily are adjudicated in a summary fashion. *See* Code §§ 8.01-511 to -525. Asserting that garnishment should not be enforced beyond the scope of the statutory scheme "in order to fit the exigencies of a particular case," Holston contends that "garnishment was not the proper procedure to determine whether the property in question, to which it was otherwise entitled, had been fraudulently conveyed from the judgment debtors to the garnishee." Stating there is "no doubt . . . that fraudulent conveyances are the subject of jurisdiction in both law and equity," Holston argues that "good policy reasons" support the idea that fraudulent conveyances, which "involve difficult factual questions," should be "the subject of a full-blown chancery suit or action at law, and not a summary proceeding like garnishment." Holston observes, "It is better judicial policy to require issues generally as complex as a fraudulent conveyance to be determined in a procedure which maximizes the chances that justice will be done to all parties." According to Holston, "Garnishment is not such a procedure." We do not agree.

■ We hold that the trial court committed no procedural error in this case. In reaching this conclusion, we are guided by the principles set forth in *Jetco, Inc.* v. *Bank of Virginia*, 209 Va. 482, 165 S.E.2d 276 (1969).

In that case, a bank had recovered a money judgment against William N. Barton. A summons in garnishment was issued at the bank's request against Jetco and Pomponio for money believed to be due to Barton because of a promissory note executed by Jetco, endorsed by Pomponio, and payable to Barton. Process was issued and Jetco, Pomponio, and Barton were served. Jetco answered and contended it was not indebted to Barton on the note because the note had been assigned by Barton to his wife. At trial, the bank argued that Barton's assignment was "presumptively fraudulent" and void as to it, and that the wife was not a necessary party to the litigation. Jetco contended that since the assignee was not a party to the proceeding, the court had no right to adjudicate the assignment's validity. The trial court sustained the bank's position, and entered judgment against Jetco and Pomponio for the amount of the bank's claim.

Reversing the trial court's decision, we held that the court erred because the wife's rights were adjudicated when she was not a party to the litigation. This Court said: "Consequently, in a garnishment proceeding it is generally held that the rights of a third party claimant to the fund sought to be garnisheed cannot be adjudicated unless he is a party to that proceeding." *Id.* at 486, 165 S.E.2d at 279.

■ The Court pointed out that the assignee could have been made a party pursuant to statute. *See* Code §§ 8.01-5(A) and -7 (to prevent abatement of action for nonjoinder of parties, new parties may be added at any time). *See also* Rule 3:9A. The Court said: "Had this course been followed the validity of the assignment could have been determined in the garnishment proceeding, for it has long been the rule in this jurisdiction that courts of law and courts of equity have concurrent jurisdiction over alienations made in fraud of creditors." *Id.* at 487, 165 S.E.2d at 279-80.

In *Jetco*, the Court relied on *Chesapeake & Ohio R.R. Co.* v. *Paine & Co.*, 70 Va. (29 Gratt.) 502 (1877). There, the Court held that the trial court erred in failing to order a third-party claimant to appear and state the nature of his claim to certain stock in controversy when the answer of a garnishee in an attachment proceeding disclosed that the stock, which was the subject of the attachment, had been transferred to the third party. *Id.* at 509-10.

Holston relies heavily on *Freitas* v. *Griffith*, 112 Va. 343, 71 S.E. 531 (1911), asserting that the case stands for the narrow proposition, in Holston's words, "that a certain kind of law action, the statutory garnishment proceeding, cannot determine a fraudulent conveyance where such alleged fraudulent conveyance is the basis of the garnishee's title or possession to the property." *Freitas* is not controlling here.

In that case, Griffith and Boyd, execution creditors of Freitas, issued a summons in garnishment against Freitas' wife in which they suggested that there was liability on her for the amount of their judgment. The wife answered, denying she was indebted to her husband or had any effects belonging to him in her possession. Upon suggestion by the plaintiffs that the wife had not fully disclosed her liability, the trial court held an evidentiary hearing. The court found that certain personal property had been transferred by the husband to the wife in fraud on the rights of the plaintiffs. The court rendered judgment against her for the esti-

mated value of the property and directed that it be applied on the plaintiffs' judgment.

Reversing the trial court, this Court said, "the controlling question involves the power of the circuit court, in a summons on suggestion by an execution creditor of a husband, to set aside an alleged fraudulent transfer of personal property from him to the wife." *Id.* at 344, 71 S.E. at 531. The Court noted that the judgment creditors made no claim that the wife was indebted to the husband or that she had any of his estate in her hands. On the contrary, the Court said, the wife asserted absolute title to the property, which she claimed had been in her possession for years. *Id.*

Assuming for the purposes of the case that the property originally belonged to the husband, and was transferred to the wife, the Court said that "the transfer, nevertheless, would have been binding upon the husband, and he could not have maintained a suit against the wife for its recovery." *Id.* at 345, 71 S.E. at 531. The Court stated that the garnishment statute "does not contemplate or operate upon estate in possession of the garnishee to which he has title, but only estate of the execution debtor for the recovery of which he may maintain an action in his own behalf against the holder." *Id.*, 71 S.E. at 531-32. Noting that the law provides, through other proceedings, for the recovery and subjection of the debtor's personal estate, the Court stated that the "special" garnishment procedure is available only in the foregoing two instances, that is, where the garnishee is indebted to the judgment debtor or where the garnishee has any of the debtor's estate in her hands. *Id.*, 71 S.E. at 532. *See* Code § 8.01-511.

*Freitas* involved a direct attack on the wife to set aside a fraudulent conveyance under the guise of garnishment. There was no claim that the wife was indebted to the husband or that she held any of his estate. Thus, there was no true "garnishee." And, answering the issue framed, this Court ruled that the trial court had no power, under those circumstances, to set aside, in a garnishment proceeding, the alleged fraudulent conveyance. Those facts distinguish *Freitas* from *Jetco* and, contrary to Holston's contention, create no conflict between the two decisions.

In the present case, the trial court correctly added Holston as a party and properly proceeded to adjudicate the validity of Holston's claim to the fund that was the subject of the garnishment. The funds held by Goodyear, as garnishee, represented the

amount it had agreed to pay to settle the claims of the judgment debtors. The evidence showed that in settling the federal lawsuit, judgment debtor Dotson directed that the $100,000 be paid to Holston, which was not a party to the federal action and which was wholly controlled by Dotson, although owned by his wife. It was entirely appropriate, when the facts of the escrow arrangement and the release agreement were discovered, to join Holston so that its claim to the fund could be adjudicated and so that complete relief could be afforded all the parties.

Consequently, the judgment of the trial court will be

*Affirmed.*