## CIRCUIT COURT OF THE CITY OF RICHMOND

Autolease, Inc.

v.

Nito Dixon and
Progressive Casualty
Insurance Company

August 1, 1991

Case No. 90-2121

By JUDGE ROBERT L. HARRIS, SR.

On May 1, 1990, Autolease, Inc., secured a default judgment against Nito Dixon in the amount of $13,752.48. This debt arose from Dixon's collision into a utility pole while operating a motor vehicle owned by Autolease. Dixon's aunt, Helen Ingram, leased the vehicle from Autolease. Ingram granted Dixon permission to operate the vehicle.

Dixon is allegedly covered under an automobile liability insurance policy issued by Progressive Casualty Insurance Company to Betty Dixon. Nito Dixon is Betty Dixon's son. Progressive denied Dixon coverage for this action based on Autolease's failure to grant Dixon permission to operate the vehicle. Denial of coverage occurred before Autolease filed an action against Dixon, and Progressive did not receive notice of the suit prior to entry of default judgment.

A garnishment summons was served on Progressive. Progressive filed a Motion to Quash subpoena duces tecum which was heard on July 10, 1991. At that hearing, the court *sua sponte* questioned whether a garnishment proceeding was an appropriate vehicle to litigate an insurance policy dispute.

[A] proceeding in garnishment is substantially an action at law by the judgment creditor against the garnishee, and therefore, the judgment creditor stands upon no higher ground than the judgment debtor and can acquire no greater right than such debtor himself possesses. In such a proceeding the claim of the judgment debtor against the garnishee must be certain and absolute, because our statutes do not authorize a court of law, in a mere side issue growing out of a garnishment proceeding, to exercise the intricate and complicated duties of a chancellor. *Rollo v. Andes Ins. Co.*, 23 Gratt. 509, 64 Va. 509; *Ayres v. Harleysville Mutual Casualty Co.*, 172 Va. 383, 2 S.E.2d 303; *Barnes v. American Fertilizer Co.*, 144 Va. 692, 130 S.E. 902.

*Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422 (1954).

In the case at hand, Progressive contends that it is not obligated to Dixon. It intends to litigate policy defenses in the garnishment proceeding.

In proceedings by garnishment under an execution, when the claim is that there is a debt due by the garnishee to the judgment debtor, the object is to ascertain whether there is or was such a debt, and its amount, at a time which created a liability on the garnishee, by reason of the execution having become a lien on the money so due. If the plaintiff suggests that the garnishee has not fully disclosed his liability, the court without any formal pleading, should inquire into the liability of the garnishee. The issue then is as to the liability of the garnishee for a debt to the judgment debtor, upon the trial of which the original plaintiff has the affirmative and the garnishee the negative, and on demand of either party the court should impanel a jury to determine the issue and the amount of the indebtedness, if any. Code of Virginia, §§ 6501, 6509, 6511.

In order to hold the garnishee liable, it must be shown that the legal obligation for the debt is absolute and not contingent or dependent upon unperformed condition; if the debt has a present existence, although payable in the future, it is still subject to the execution lien. *Boisseau v. Bass' Adm'r*, 100 Va. 207, 40 S.E. 647, 57 L.R.A. 380, 93 Am. St. Rep. 956; *Freitas v. Griffith*, 112 Va. 343, 71 S.E. 531.

The question for solution in this case is, was there an existing liability on the garnishee company to Rutledge under the indemnity policy, so that the relation of debtor and creditor existed between the company and Rutledge, and the claim for indemnity was then enforceable at the action of Rutledge. If this was the status at the time the garnishee summons was served, then the garnishee became liable in this proceeding.

*Fentress v. Rutledge*, 140 Va. 685, 687-688, 125 S.E. 668, 669 (1924).

Progressive's underlying liability on the insurance policy may be determined in a garnishment action. As Dixon has failed to file an action against Progressive, litigation of the underlying insurance issues in a garnishment proceeding is the only way for Autolease to collect funds that Progressive may owe Dixon.