## CIRCUIT COURT OF FAIRFAX COUNTY

Willston Centre Partnership

v.

Parvis Abdollazadh et al.

November 21, 1991

Case No. (Law) 95581

By JUDGE ROSEMARIE ANNUNZIATA

The matters before the Court are issues raised by two motions filed by the defendants in this case. The motions are (1) to stay all Writs of Execution issued against the defendants and (2) to quash all Writs of Execution to levy the personal properties of certain individuals who are not parties to this suit. For the reasons stated below, the motions are denied.

Defendants filed an independent action in chancery pursuant to Virginia Code §§ 8.01-428(B) and (C) to strike the judgment entered against them on May 6, 1989, in *Willston Centre Partnership v. Carpet Gallery, Inc.*, At Law No. 95581, and they premise their motion to stay all Writs of Execution issued against them on the ground that the chancery suit for relief from the judgment is pending. Va. Code § 8.01-428(B) provides that the court may correct "[c]lerical mistakes in all judgments or other parts of the record" and "errors arising . . . from oversight or from an inadvertent omission." Va. Code Ann. § 8.01-428 (1984 Repl. Vol. & 1991 Supp.). However, my review of the pleadings in the chancery suit fails to identify any allegations that the judgment in Law No. 95581 contains clerical mistakes that require correction before execution should be permitted. Accordingly, it does not appear that defen-

dants will prevail in their suit to strike the judgment entered based on subparagraph (B) of Va. Code § 8.01-428.

The defendants further specifically claim in their chancery suit that the judgment upon which the Writs of Execution have been issued were procured by the plaintiff "through misrepresentation of facts, concealment and denial of the existence" of certain facts. Va. Code § 8.01-428(C) provides that the court may "entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court. Va. Code Ann. § 8.01-428 (1984 Repl. Vol. & 1991 Supp.). However, from my review of the pleadings in both the law and chancery matters, as well as of the transcript of the trial proceedings, it is clear that the fraud alleged in defendants' chancery suit is intrinsic and not extrinsic. Accordingly, it appears that defendants likewise will not prevail in their suit to strike the judgment entered based on subparagraph (C) of Va. Code § 8.01-428. *See, Justis v. Georgia Indus. Realty Co.*, 109 Va. 366 (1909) ("[A judgment] may be impeached [collaterally] by facts involving fraud or collusion, but which were not before the court or involved in the issue or matter upon which the judgment was rendered. They may not be impeached for any facts, whether involving fraud or collusion or not, or even perjury, which were necessarily before the court and passed upon."); *see also, Gulfstream Bldg. Associates v. Britt*, 239 Va. 178 (1990).

For these reasons, I find no basis for granting the relief sought and deny defendants' motion to stay the Writs of Execution issued in Law No. 95581 until the chancery case is resolved. As to defendants' motion to quash the Writs of Execution to levy the personal properties of certain third parties, I find that the defendants have no standing to assert these non-party claims and that any relief that may be granted to non-parties is governed by Va. Code Section 8.01-365 *et seq., Barbuto v. Southern Bank*, 231 Va. 63 (1986); *Bank of Virginia v. Golubin & Warwick, Inc.*, 5 Va. Cir. 28, 29 (1981). Since the statutory procedures to be followed by non-parties whose personal property is allegedly the subject of a levy have not been fulfilled, including the payment of a suspending bond in the amount specified, the motion to quash must be denied.