## CIRCUIT COURT OF ALBEMARLE COUNTY

Virginia Broadcasting Corp.

v.

Michael Harding et al.

August 10, 1998

Case Nos. (Law) 98-32, 98-48, 98-50, 98-69

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on Motions to Quash Garnishment Summons filed by judgment debtor Michael W. Harding and third party secured creditor W. A. Pace. The Court heard argument by counsel on June 12, 1998, regarding the various liens and the proper method for contesting a garnishment summons by persons other than the one against whom the process issued. The Court granted leave to all parties to submit authority on the issues raised.

### Background

On November 6, 1997, this Court granted Plaintiff Virginia Broadcasting Corp. a judgment against Defendant Michael Harding in the amount of $14,000.00 plus costs and attorney's fees of $3,586.00 plus 18 percent interest on the unpaid balance from the date of the judgment. A Summons to Answer Interrogatories and Writ of Fieri Facias was issued on the judgment against Harding on January 8, 1998, and served by posting on January 10, 1998. A second Writ of Fieri Facias was issued against Harding on January 30, 1998, which the Sheriff returned February 9, 1998, "no effects found." On March 23, 1998, a garnishment summons naming the "Richmond Coliseum" as garnishee was issued and served on "Dennis Hall."

On March 25, 1998, pursuant to a Real Estate Bond and deed of trust executed that day by Harding in the amount of $50,000.00, a Security Agreement was signed by Harding, his wife, Linda M. Harding, Harding as

President of Legend Productions, Inc., collectively "Grantor," and by W. A. Pace, "Secured Party," granting Pace a security interest in "all rights of the Grantor in and to the Franki Valli/Four Tops Concert at the Richmond Coliseum Arena on or about April 24, 1998." Hr'g 6/12/98 Pace Ex. # 4 at 1. A Financing Statement was filed with the State Corporation Commission on March 27, 1998.

On April 8, 1998, a garnishment summons naming "SMG" as garnishee was issued and served April 15, 1998, on "D. Hall-Dir. of Finance." On April 8, 1998, a garnishment summons was issued and, on April 10, 1998, personally served on "Ticket Master-New York, Inc." as garnishee. On April 8, 1998, a garnishment summons was issued and, on April 21, 1998, personally served on "Ticket Master-Mid-Atlantic, Inc." as garnishee. Without objection, SMG delivered to the Clerk of the Court a check for $19,033.03, representing "the total balance due listed on the Garnishment Summons served on the 'Richmond Coliseum' and SMG." Letter from Dennis Hall to the Court of 6/5/98.

On May 4, 1998, Harding and, on June 2, 1998, Pace filed Motions to Quash Garnishment Summons contending that (1) there is no entity "Richmond Coliseum" and thus the summons on that garnishee is to no affect; (2) the summons on SMG and Ticket Master-Mid-Atlantic, Inc., were subsequent and therefore inferior to the Security Agreement with Pace; and (3) the garnishment summons was not served pursuant to an underlying Writ of Fieri Facias levy. Both Motions request that the $19,033.03 paid by SMG pursuant to the garnishment summons be delivered to Pace.

On July 6, 1998, Pace filed a Motion and/or Petition to Intervene asking (1) to be joined as a necessary party pursuant to *Holston International v. Coulthard*, 241 Va. 219 (1991), Va. Code §§ 8.01-5(A), 8.01-7, and Rule 3:9A of the Rules of the Supreme Court of Virginia; and (2) that the Court order the monies paid pursuant to the garnishment summons be delivered to Pace.

## Questions Presented

1. As persons other than the one against whom the process issued, do Harding and/or Pace have standing to bring a Motion to Quash Garnishment Summons absent giving a bond?

2. If not, does Pace have standing as a secured credit necessary party on a Motion and/or Petition to Intervene to demand release of monies paid pursuant to a garnishment summons?

## Discussion of Authority

Garnishment "is a statutory proceeding to enforce the lien of a writ of fieri facias on a liability of any person other than the judgment debtor." *Virginia Nat'l Bank v. Blofeld*, 234 Va. 235, 399 (1987). Thus, strictly speaking, a Motion to Quash Garnishment Summons is misleading since "[t]he remedy by motion to quash [is] a proceeding directly challenging the fi. fa," *Barbuto v. Southern Bank*, 231 Va. 63, 68 (1986). Nevertheless, "[i]t is important to keep in mind, with respect to garnishment procedure generally, that it was unknown to the common law and that it is purely a creature of statute. The relevant statutes are, therefore, subject to the familiar rule of strict construction." Leigh B. Middleditch, Jr., & Kent Sinclair, *Virginia Civil Procedure*, 680 (2d ed. 1992).

Va. Code § 8.01-365 provides:

> When a writ of fieri facias issued from a circuit court, or a warrant of distress, is levied on property, or when a lien is acquired on money or other personal estate by virtue of § 8.01-501, and when some other person than the one against whom the process issued claims the property, money, other personal estate, or some part of the proceeds thereof, then either (i) the claimant, if such suspending bond as is hereinafter mentioned has been given, (ii) the officer having such process, if no indemnifying bond has been given, or (iii) the party who had the process issued, may apply to try the claim, by motion to the adverse party, to the circuit court of the county or city wherein the property, money, or other personal estate is located.

Va. Code § 8.01-477 provides:

> A motion to quash an execution may, after reasonable notice to the adverse party, be heard and decided by the court which issued the execution. Such court, on the application of the plaintiff in the motion may make an order staying the proceedings on the execution until the motion be heard and determined, the order not to be effectual until bond be given in such penalty and with such condition, and either with or without surety, as the court may prescribe.

Since a motion to quash under § 8.01-477 may not be used as a substitute for the statutory method prescribed in § 8.01-365, *Barbuto*, 231 Va. at 67, a plain reading of the statutes together requires Harding, Pace, or any person

other than the one against whom the process issued to give a bond. As no bond has been given, the Court finds that neither Harding nor Pace have standing to challenge the garnishment. *See Willston Center Partnership v. Abdollazadh*, 25 Va. Cir. 523 (Fairfax 1991) ("Since the statutory procedures … have not been fulfilled, including the payment of a suspending bond in the amount specified, the Motion to quash must be denied" *id.* at 524.) The Court further finds that a Motion and/or Petition to Intervene which seeks to demand release of monies paid pursuant to a garnishment summons is equivalent to a Motion to Quash and must therefore be subject to the same procedural requirements. *See Bank of Virginia v. Golubin and Warwick*, 5 Va. Cir. 28, 29 (Alexandria 1981) ("Section 8.01-365 of the Code of Virginia provides the exclusive method by which an interest can be claimed in attached property.")

## *Conclusion*

As neither Harding nor Pace have standing to challenge the garnishment, the Court will order that the money paid by SMG pursuant to the garnishment be released to Virginia Broadcasting Corp. forthwith.