# Virginia National Bank

## v.

# Anna Lee Blofeld, et al.

Record No. 841409

November 25, 1987

Present: Carrico, C.J., Poff, Compton, Russell, Thomas and Whiting, JJ.

*Richard A. Lubeley (Kenny, Glennon & Goodman,* on briefs), for appellant.

*Kevin D. McCormick (Crossland, Schilling & McCormick, P.C.,* on brief), for appellee Anna Lee Blofeld.

No brief or argument for appellee George Blofeld.

COMPTON, J., delivered the opinion of the Court.

In this creditors' rights action, we granted an appeal to decide whether the trial court erred in holding that a garnishee's debt to a judgment debtor was not subject to garnishment by the judgment creditor when the debt was not vested in the judgment debtor at the time the garnishee was served with the garnishment summons, although it became vested before the return day of the garnishment.

The facts are undisputed. On April 22, 1983, appellant Virginia National Bank, the judgment creditor, obtained a judgment in the trial court against George Blofeld, the judgment debtor, in the principal sum of approximately $27,000. At the time, he was married to appellee Anna Lee Blofeld, the garnishee.

On December 16, 1983, execution was issued on the judgment, at the bank's request, returnable within 90 days. On the same date, the bank instituted this garnishment action in the court below in an effort to collect on the judgment. The garnishment summons was served on the garnishee on December 17 and on the judgment debtor on two occasions, December 19 and 22. The garnishment was to be answered on February 3, 1984.

On December 20, 1983, a final decree of divorce was entered in a suit in the same court awarding Anna Lee Blofeld a divorce from George Blofeld. In the divorce decree, she was ordered to pay him the sum of $8,000 on or before January 1, 1984 and he was ordered to convey to her his interest in certain realty which they owned jointly.

Also on December 20, 1983, Max Woods, a third party, paid $8,000 to the garnishee's attorney to be used to pay Mrs. Blofeld's debt to the judgment debtor. On or about December 22, Mrs. Blofeld's attorney received from Mr. Blofeld's attorney a deed dated and executed November 30, 1983, for the real property interest that he had been ordered to convey to her in the divorce decree. On or about December 27, 1983, the garnishee's attorney learned of the garnishment, although the attorney had not been served with a summons.

On January 1, 1984, the garnishee executed a note for $8,000 payable to Woods and a deed of trust on the real property securing payment of the note. Sometime after January 1, the garnishee's attorney paid approximately $5,300 of the $8,000 to the judgment debtor and the balance to another judgment creditor, which had served the attorney as a garnishee in another garnishment action against the judgment debtor. The Blofeld deed and the deed of trust were recorded in the appropriate land records on January 24, 1984.

On the return date of the garnishment, the judgment creditor moved the trial court for an order directing the garnishee to pay into court the sum of $8,000 to be applied toward the judgment against the judgment debtor. The garnishee answered, and denied that she ever had any liability to the judgment debtor that was subject to the garnishment.

Upon consideration of the facts, argument of counsel, and memoranda of law, the trial court ruled in favor of the garnishee. In an April 1984 letter opinion, the court decided that "a garnishment summons reaches only those debts presently vested at the time of

service." The court concluded that the pertinent statute, Code § 8.01-511, contemplates only a present liability and, therefore, the garnishment could not reach a debt which may have come into existence after the day the summons was served but before its return date. We awarded the judgment creditor this appeal from the June 1984 order dismissing the garnishment summons. The judgment debtor has not appeared on appeal.

As in the trial court, the judgment creditor and the garnishee argue on appeal different interpretations of the relevant statutes. The judgment creditor urges that a garnishment summons reaches any debts which may arise between the judgment debtor and the garnishee from the date of service through the return date. The garnishee argues that the summons does not reach nonexistent or contingent debts, but only debts which are vested at the time of service, though payment may be due in the future. We agree with the judgment creditor.

The provisions of three statutes are applicable to this controversy. Code § 8.01-501, as pertinent here, states that:

> "Every writ of fieri facias shall, in addition to the lien it has under §§ 8.01-478 and 8.01-479 on what is capable of being levied on under those sections, be a lien from the time it is delivered to a sheriff or other officer to be executed, on all the personal estate *of or to which* the judgment debtor *is, or may afterwards* and on or before the return day of such writ *become, possessed* or *entitled*, in which, from its nature is not capable of being levied on under such sections, . . ." (Emphasis added.)

Code § 8.01-511, in relevant part, provides that:

> "On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there *is a liability* on any person other than the judgment debtor, or, that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons *in the form prescribed by § 8.01-512.3* may . . . be sued out . . . ." (Emphasis added.)

Code § 8.01-512.3, as pertinent, requires that:

> "*Any* garnishment issued pursuant to § 8.01-511 shall be in the following form:
> (a) Front side of summons:
> . . . .
> TO THE GARNISHEE: You are hereby commanded to
> . . . .
> (3) Appear before this court . . . .
> . . . .
> As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor *is or may be entitled* from you during the period between the date of service of this summons on you and the date for your appearance in court, . . ." (Emphasis added.)

The function of the statutes should be noted. Section 8.01-501 provides for an execution lien on intangible personal property, property not capable of being levied on. Garnishment, under § 8.01-511, is a statutory proceeding to enforce the lien of a writ of fieri facias on a liability of any person other than the judgment debtor. *Levine's Loan Office* v. *Starke*, 140 Va. 712, 714, 125 S.E. 683, 684 (1924). The garnishment action substantially is a proceeding by the judgment debtor in the name of the judgment creditor against the garnishee. *Lynch* v. *Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422 (1954); *Ayres* v. *Harleysville Mut. Cas. Co.*, 172 Va. 383, 394, 2 S.E.2d 303, 307 (1939).

The scope of the statutes is the basis for this dispute. According to § 8.01-501, the execution lien upon intangibles dates from the time the writ is delivered to the proper officer. The lien shall be upon the personal estate to which the judgment debtor "is, or may afterwards" become, entitled on or before the return date of the writ. Because the execution lien covers intangible personal property the judgment debtor acquired during the life of the lien, one would expect the enforcement device likewise to require withholding of obligations to which the judgment debtor becomes entitled during that period.

The statute designed to enforce that lien, however, states that upon suggestion that "there is a liability" by reason of such lien, a summons may be obtained from the appropriate clerk's office to commence enforcement proceedings. § 8.01-511. The gar-

nishee argues, and the trial court held, that the phrase "there is a liability" limits the application of the garnishment summons to the garnishee's present liability to the judgment debtor, that is, only to debts vested at the time the summons was served on the garnishee. Accordingly, in this case, the garnishee's liability under the summons would be limited to her debts, if any, to the judgment debtor existing on December 17, 1983.

But the garnishee disregards a significant provision of § 8.01-511, which expressly requires the garnishment summons to be in the form prescribed by § 8.01-512.3. That section applies to "any" garnishment issued under § 8.01-511, and specifies that the summons shall direct the garnishee to withhold from the judgment debtor any sums of money to which the judgment debtor "is or may be entitled" during the period between the date of service of the summons and the date of the garnishee's appearance in court to answer the summons.

Accordingly, construing the two garnishment statutes together against the background of the lien statute, we hold that a garnishment subjects to the execution lien of § 8.01-501, not only those debts already due the judgment debtor when the summons in garnishment is served upon the garnishee, but also any indebtedness of the garnishee to the judgment debtor which arises between the date of service of such summons on the garnishee and the return date of the summons.

In the present case, the garnishee was served with the summons on December 17, 1983. She incurred the $8,000 liability to the judgment debtor on or about December 22 when delivery of the deed occurred. This date, of course, was before the February 1984 answer date. Because she was served properly with the summons, she was required to cause the $8,000, which she borrowed from Woods, to be withheld from the judgment debtor and from garnishments subsequent in time to the bank's. Because she failed to take such action, she remains liable to the judgment creditor for the $8,000 debt, and the trial court erred in holding to the contrary.

The garnishee, as well as the trial court, relied upon several Virginia cases. Those cases are distinguishable from the present case. For example, in *Boisseau* v. *Bass*, 100 Va. 207, 40 S.E. 647 (1902), a garnishment against an insurer for proceeds of a life insurance policy was disallowed. There, the insured judgment debtor died after the return day of the execution. This Court held

there was no existing indebtedness against the insurer in favor of the insured to which the execution lien could attach. 100 Va. at 215, 40 S.E. at 649-50. Here, the execution lien was still alive and the garnishment still pending when the garnishee became indebted to the judgment debtor. Language in *Boisseau*, quoting a treatise, that the " 'debt itself must be in existence at the time of service of the writ,' " 100 Va. at 211, 40 S.E. at 649, was unnecessary to the decision of that case and, insofar as it conflicts with our holding in this case, it is expressly disapproved.

In *Combs* v. *Hunt*, 140 Va. 627, 125 S.E. 661 (1924), an attempt to garnish an insurer's liability under an automobile indemnity policy failed. The policy contained a clause providing that "no action" could be brought against the insurer except for loss sustained by virtue of the insured's actually paying a final judgment in a suit for damages. Because the insured had made no such payment to the injured party while the execution lien was alive, the garnishment was dismissed. The following language of the Court was relied upon by the trial court in this case: "In order to hold the garnishee liable it must be shown that there was a present fixed liability upon it to pay the assured for the loss insured against." 140 Va. at 631, 125 S.E. at 662. That language does not require, however, that a present fixed liability exist when the garnishment summons is served, so long as the liability arises during the life of the lien and before the return date of the garnishment. *Id.*

In *Fentress* v. *Rutledge*, 140 Va. 685, 125 S.E. 668 (1924), another attempt to collect from an automobile liability insurer by garnishment on a personal injury judgment succeeded. The policy did not contain a "no action" clause as in *Combs* and a present fixed liability existed from the insurer to its insured, the judgment debtor, at the time the garnishment summons was served. Thus, the Court was not presented with the question whether a liability arising after the date of service of the garnishment would be subject to garnishment.

Finally, there is no necessity to address two additional arguments advanced by the garnishee. We already have commented on one and the other is not supported by the facts in the record.

Consequently, the order dismissing the summons in garnishment will be reversed and the case remanded to the trial court. Upon remand, the trial court will enter an order in accordance with applicable statutes requiring Anna Lee Blofeld to pay into

the court the sum of $8,000, to be paid over to Virginia National Bank. Code § 8.01-516.1.

*Reversed and remanded.*