Present: Carrico, C.J., Compton, Stephenson, Whiting,[*] Lacy, Hassell and Keenan, JJ.

VIRGINIA BUILDERS' SUPPLY, INC.

                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 941686                September 15, 1995

BROOKS & CO. GENERAL CONTRACTORS, INC.

             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Melvin R. Hughes, Jr., Judge

     In this creditors' rights controversy, the question presented is whether a garnishee, after being served with the summons in garnishment, may commence arbitration with the judgment debtor while excluding the judgment creditor from the arbitration, obtain default relief against the judgment debtor, and then bind the judgment creditor to the result of the arbitration. We answer that query in the negative, and will reverse the judgment of the trial court.

     The facts are undisputed. On June 29, 1993, appellant Virginia Builders' Supply, Inc., a wholesale supplier of building materials, obtained a judgment in the court below against DeGaetani & Sons Drywall, Inc., a drywall subcontractor, in the principal sum of $49,614.17. The judgment order provided for immediate rights of execution. Code § 8.01-466.

     On July 8, 1993, a summons in garnishment in the amount of the judgment, plus interest and costs, was issued in behalf of the judgment creditor against the judgment debtor naming appellee

---

[*]Justice Whiting participated in the hearing and decision of this case prior to the effective date of his retirement on August 12, 1995.

Brooks & Co. General Contractors, Inc., garnishee, returnable October 1, 1993. The garnishee was served on July 19, 1993. The judgment creditor sought to obtain from the garnishee sums believed to be due from the garnishee to the judgment debtor under several written contracts on construction projects in which the judgment debtor was the garnishee's subcontractor. Those contracts contained clauses providing for resolution of any disputes between the contracting parties by mandatory arbitration under the "Construction Industry Arbitration Rules of the American Arbitration Association."

On September 1, 1993, the garnishee invoked the dispute resolution process by filing a Demand For Arbitration against the judgment debtor. The garnishee alleged that the judgment debtor owed the garnishee more money than it owed the judgment debtor. On or about September 27, the garnishee filed a motion in the trial court seeking a stay of the garnishment proceeding pending completion of the arbitration.

On October 1, the return day of the garnishment, attorneys for the judgment creditor and garnishee appeared in the trial court; the judgment debtor, although served, never responded to the garnishment summons. The judgment creditor did not object to the stay, and the court continued the garnishment proceeding generally.

Subsequently, the judgment creditor sought to intervene in the arbitration. A representative of the American Arbitration

Association advised it had no procedure to allow intervention absent consent of the garnishee or a court order. The garnishee refused to allow the judgment creditor to participate in the arbitration. Later, the garnishee presented proof to an arbitrator in the absence of the judgment creditor and judgment debtor, and obtained an award dated November 19, 1993 deciding that it owed the judgment debtor nothing.

In December 1993, the judgment creditor sought a hearing in the trial court to present evidence on the amount of the garnishee's liability under the garnishment. In February 1994, the garnishee filed a motion to dismiss the garnishment upon the ground that it owed nothing to the judgment debtor according to the arbitration award.

Subsequently, the trial court granted the motion to dismiss, ruling "that the garnishee owes nothing to the judgment debtor, in view of the arbitration results; and that accordingly, the garnishee has no obligation to the" judgment creditor. We awarded the judgment creditor this appeal from the trial court's July 1994 dismissal order to consider the foregoing question.

On appeal, the judgment creditor points out that it sought to determine, through the garnishment proceeding, the amount owed by the garnishee to the judgment debtor, and that the garnishee, through the arbitration proceeding, also sought a ruling on this issue. The judgment creditor states that before the results of one proceeding can be binding in another, there must be an

identity of parties between the two actions.  Here, according to the judgment creditor, there is no identity of parties, and hence no preclusion of issues or claims, because the garnishee excluded the judgment creditor from the arbitration.

The judgment creditor says that the garnishment summons acts as an involuntary assignment of the judgment debtor's rights to the judgment creditor.  See Crane v. Standard Lumber & Mfg. Co., 87 S.E. 1018, 1020 (W. Va. 1916).  Continuing, the judgment creditor argues that if the garnishee already had obtained the arbitration award before service of the garnishment summons, then the rights assigned from the judgment debtor to the judgment creditor would have been previously liquidated by the binding arbitration.  According to the judgment creditor, because res judicata and collateral estoppel apply to the parties and their privies, the judgment creditor as assignee of a previously determined claim would, as a successor in interest, be subject to claim preclusion.

But here, points out the judgment creditor, the garnishee did not commence the arbitration until after the garnishment summons had been served.  Thus, the argument continues, the judgment debtor's unliquidated claim for money became the property of the judgment creditor on July 19, 1993, the date the garnishee was served, and the garnishee "could not hope to bind" the judgment creditor to an arbitration award without serving it with the arbitration demand and allowing it the opportunity to

defend the garnishee's claims.

Finally, the judgment creditor states it is not asking for a ruling that parties in the garnishee's position must always permit the garnishing creditor to participate in the arbitration. Rather, the judgment creditor says, it "merely asks for a narrow holding that if the garnishee elects to proceed after service of a garnishment summons without the judgment creditor's participation, then the judgment creditor will not be bound to the arbitration result." The judgment creditor contends that, as between the garnishee and the judgment debtor, the arbitration result is binding; as between the judgment creditor and the garnishee, it is not.

The garnishee contends that if the garnishment summons acts as an involuntary assignment of the judgment debtor's rights to the judgment creditor, it should have sought the judgment debtor's consent to participate in the arbitration on the judgment debtor's behalf; if the judgment debtor refused, then the judgment creditor should have asked the trial court to order the judgment debtor to consent to the judgment creditor's participation. The garnishee says the judgment creditor "did nothing and thus has waived its rights."

Additionally, the garnishee contends that the time when it proceeded to determine what it owed the judgment debtor is not important because there was a lawful, binding contract requiring that any dispute be settled by arbitration. Thus, the garnishee

argues, the trial court correctly dismissed the garnishment. We do not agree.

Under Virginia's statutes, Code §§ 8.01-511 through -525, garnishment is a "proceeding to enforce the lien of a writ of fieri facias on a liability of any person other than the judgment debtor"; the "action substantially is a proceeding by the judgment debtor in the name of the judgment creditor against the garnishee." Virginia Nat'l Bank v. Blofeld, 234 Va. 395, 399, 362 S.E.2d 692, 694 (1987). Upon proof of any debt owed by the garnishee to the judgment debtor, the court may enter judgment in favor of the judgment creditor against the garnishee in the amount of such debt. Lynch v. Johnson, 196 Va. 516, 520, 84 S.E.2d 419, 422 (1954). See Code § 8.01-519.

In the present case, the garnishee contends the debt issue was finally decided in its favor in the arbitration proceeding, and says that issue may not be revisited in the garnishment proceeding. But the judgment creditor was not a party to the contracts between the garnishee and the judgment debtor, and the record fails to show that the judgment creditor was a third party beneficiary of those contracts.

When, as here, the garnishee commenced arbitration with the judgment debtor after being served with the garnishment summons, and excluded the judgment creditor from the arbitration, the judgment creditor may employ the garnishment court procedure to determine the extent of the debt owed by the garnishee to the

judgment debtor.  The fact that the debt was created by contracts containing an arbitration clause does not require a stranger to the contracts to follow the contracts' "procedural mechanisms for dispute resolution."  <u>United States</u> v. <u>Harkins Builders, Inc.</u>, 45 F.3d 830, 834 (4th Cir. 1995) (applying Virginia's garnishment law).

And the garnishee will not be heard to argue that the judgment creditor has waived its rights by failing to intervene in the arbitration, when it was the garnishee who refused the judgment creditor's request to be allowed to participate.  Once the garnishee withheld consent, the judgment creditor was not obligated to seek intervention through the defaulting judgment debtor or to seek a court order allowing intervention.  Nothing in the garnishment statutes, or in Virginia's statutes dealing with arbitration, Code §§ 8.01-577 through -581.016, requires such action by a judgment creditor.

Consequently, we hold that the trial court erred in dismissing the garnishment.  We will reverse the court's dismissal order and remand the case to the trial court for further proceedings.

<u>Reversed and remanded</u>.