PRESENT: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Koontz, JJ., and Stephenson, Senior Justice

RONALD L. MOORE, INDIVIDUALLY, ET AL.

OPINION BY
v.  Record No. 982376    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
November 5, 1999
MILLERS COVE ENERGY CO., INC., ET AL.


FROM THE CIRCUIT COURT OF LEE COUNTY
Ford C. Quillen, Judge

In this appeal, we decide whether a judgment creditor can obtain by garnishment of a court clerk funds voluntarily deposited with the court by a judgment debtor in a pending chancery suit.

On April 8, 1998, Millers Cove Energy Co., Inc. and others[1] (collectively, Millers Cove) instituted a garnishment action against Ronald L. Moore, individually, and others[2] (collectively, Moore) and Charles Calton, Clerk of the Circuit Court of Lee County (the Clerk).  Millers Cove sought to garnish $50,000 that Moore had voluntarily deposited with the circuit court in connection with a declaratory judgment proceeding Moore had instituted against Millers Cove.  The return date of the garnishment was May 26, 1998.

---

[1] The other judgment creditors are Darrell Barnwell; Hubert D. Barnwell; Judy Barnwell; Carolyn B. Petrey; Susan M. Kincaid, Trustee under the Will of Joseph A. Kincaid, deceased; and Mt. Airy Farms, a Virginia general partnership.
[2] The other judgment debtors are Ruby Moore, Robert Moore, and Ronald L. Moore, Co-executors of the Last Will and Testament of Royce G. Moore, deceased.

Moore is the lessee and Millers Cove is the lessor under two coal leases on land in Lee County. The garnishment action is part of a legal dispute that began in 1989 when Millers Cove gave notice that it considered the leases terminated due to Moore's alleged breach thereof. After receiving the notice, Moore instituted the declaratory judgment suit seeking an adjudication that the leases remained in effect. The money that Moore deposited with the court was an advance of the minimum royalties due under the leases.

The declaratory judgment action was stayed when Millers Cove filed a bankruptcy petition in the United States District Court for the Eastern District of Tennessee. In the bankruptcy proceeding, Millers Cove brought an adversary proceeding against Moore seeking a determination that the leases were terminated and also an award of monetary damages. Ultimately, in that proceeding, Millers Cove obtained a judgment against Moore in the amount of $1,453,036.50. That judgment is currently on appeal before the United States Court of Appeals for the Sixth Circuit.

Millers Cove brought the judgment to Virginia and had it registered in the United States District Court for the Western District of Virginia. Thereafter, Millers Cove (1) filed a motion in the pending declaratory judgment action seeking to

have the funds paid to it and (2) instituted the garnishment proceeding which is the subject of this appeal.

The trial court denied Millers Cove's motion to have the funds paid to it, but the court granted the garnishment against the Clerk. Moore appeals.

A judgment creditor, in a garnishment proceeding under Code § 8.01-511, has no rights greater than those possessed by the judgment debtor. Hartzell Fan, Inc. v. Waco, Inc., 256 Va. 294, 299, 505 S.E.2d 196, 200 (1998); Lynch v. Johnson, 196 Va. 516, 521, 84 S.E.2d 419, 422 (1954). Consequently, the judgment creditor is entitled to a judgment against a garnishee only if the garnishee is indebted to the judgment debtor when the garnishment summons is served on the garnishee or if such indebtedness arises between the date of service and the return date of the garnishment. Virginia National Bank v. Blofeld, 234 Va. 395, 400, 362 S.E.2d 692, 695 (1987).

Code § 58.1-3177(A) imposes upon a circuit court clerk "the duty, unless it is otherwise specially ordered, to receive, take charge of and hold all moneys paid into the court and to pay out or dispose of these moneys as the court orders or decrees." In the present case, therefore, the Clerk had neither the discretion, obligation, nor authority to pay the money absent an order of the court to do so. At the time the garnishment summons was returnable, the court had not entered an order

3

directing the Clerk to pay the money to Moore, the judgment debtor. Therefore, at that time, the Clerk owed no debt to Moore. Consequently, the trial court erred in awarding the garnishment against the Clerk.

Accordingly, we will reverse the trial court's judgment and dismiss the garnishment.

<u>Reversed and dismissed</u>.

4