SENIOR JUSTICE COMPTON,
with whom CHIEF JUSTICE CAR-RICO joins, dissenting.
Relying heavily on decisions of federal trial courts, the majority concludes that a domain name registration is the product of a contract for services between the registrar and the registrant. The majority goes on to decide that such a contract is not subject to garnishment because it is not “a liability,” as the term is used in Code § 8.01-511 (“On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor,” garnishment proceedings may be instituted). I disagree that the registration is a contract for services not subject to garnishment.
NSI, the garnishee, correctly acknowledges that the right to use a domain name is a form of intangible personal property. Code § 8.01-501 clearly provides for an execution lien on intangible personal property, that is, property not capable of being levied upon. Virginia Nat’l Bank v. Blofeld, 234 Va. 395, 399, 362 S.E.2d 692, 694 (1987). That lien attaches to the extent the judgment debtor has a possessory interest in the intangible property subject to the writ. International Fidelity Ins. Co. v. Ashland Lumber Co., 250 Va. 507, 511, 463 S.E.2d 664, 666-67 (1995).
Therefore, the question becomes whether the judgment debtor has a possessory interest in the domain names it registered with NSI. In my opinion, the trial court correctly ruled that the judgment debtor, by virtue of the domain name registration agreements with NSI, has a current possessory interest in the use of the domain names, that is, a contractual right to the exclusive use of the names it has registered with NSI.
However, NSI contends that the judgment debtor’s contractual rights are not subject to garnishment because they allegedly are contingent, dependent on unperformed conditions, or are like personal services. The majority erroneously has bought into this idea.
*775 NSI’s contractual obligation to the judgment debtor already is presently due, not contingent or akin to a personal service agreement. The judgment debtor has submitted its registration forms and paid the registration fees. NSI has completed the registration of the judgment debtor’s Internet domain names under NSI’s “first come, first served” policy, and the judgment debtor acquired the right to the exclusive use of the domain name for an initial period of two years.
Because NSI has received everything required to give the judgment debtor the exclusive right to use the domain names it registered, the contractual right, a valuable asset, is the intangible personal property in which the judgment debtor has a possessory interest. This right is a “liability” within the meaning of Code § 8.01-511 and is subject to garnishment.
In my view, contrary to the majority’s conclusion, this right exists separate and apart from NSI’s various services that make the domain names operational Internet addresses. These services, as the trial court correctly ruled, are mere conditions subsequent that do not affect the garnishment analysis.
Consequently, I would affirm the judgment of the trial court.