## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Barry Lee McClenahen
and Rebecca S. McClenahen

v.

Timothy G. McNabb et al.

February 9, 2001

Case No. CL00-390

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this appeal of a garnishment proceeding, the question is whether the garnishee should be allowed to file an answer and defend.

*Facts*

Barry Lee McClenahen and Rebecca S. McClenahen obtained a judgment against Timothy G. McNabb in the Spotsylvania County General District Court on May 10, 2000.

Thereafter, the McClenahens sought to collect on the judgment by garnishment. They filed a suggestion in garnishment in the general district court. McNabb was served. McNabb's employer, American Automotive Tire and Service Center, Inc., was summoned as garnishee.

As for service of process on American Auto, the officer delivered the papers to Stanley M. Brown at the company's place of business. Brown was described as "manager" on the return of service.

On the hearing date, August 23, 2000, American Auto did not appear. It had not voluntarily withheld money from McNabb's wages nor had it filed an answer. Consequently, the general district court issued a show cause summons

for American Auto to appear on September 27, 2000, to show cause why it failed to respond to the garnishment and why judgment should not be entered against it. The show cause summons was served on Brown.

Brown appeared at the show cause hearing on September 27, 2000. Apparently because Brown could not explain why American Auto had not withheld money from McNabb's wages, or why American had failed to respond to the garnishment summons, the general district court entered judgment against American Auto for the amount of the McClenahens' judgment against McNabb, with interest and costs. American Auto appealed.

After hearing arguments of counsel and certain proffers of evidence on November 20, 2000, this court denied American Auto's motion to quash service, reserving to the parties the right to present evidence regarding that issue.

On February 1, 2001, the court heard evidence with respect to service of process and also with respect to American Auto's failure to respond to the garnishment summons.

### Service of Process

Service upon a corporate garnishee is governed by Virginia Code § 8.01-513. Under the circumstances of this case, service may be made by serving a "managing employee."

Based on the return of service and the evidence presented, it is obvious that Stanley M. Brown was a "managing employee," as that term is used in § 8.01-513, at the time the garnishment summons was delivered to him by the serving officer. He was "in charge" of the business activities of the company in the absence of the owner, Randy Nageotte.

Therefore, service of the garnishment summons was valid.

American Auto also argues that service of the show cause summons was not proper because it compelled Brown, not American Auto, to appear in the General District Court on September 27, 2000.

A reading of the show cause summons refutes that argument. The summons clearly states: "*Summon this Respondent: American Automotive & Service Ctr.*" (Emphasis added.) Below the name of the respondent, the following appears: "Serve: Stanley Brown, Manager." American Automotive's business address is listed below the name of the person to whom service is to be delivered.

The summons declares that the *respondent* is to appear on September 27, 2000, to explain why it failed "to appear to answer garnishment summons returnable on 8/23/00 . . ." and why "judgment in the amount of $4,591.16 or

such other amount as may be proved [should not be] entered against the respondent garnishee."

Without question, the show cause summons (an approved form used in district courts) named American Automotive as the respondent who was responsible for appearing on September 27, 2000, to explain its failure to respond to the garnishment. (Although Brown appeared on that date, he was unable to offer a satisfactory explanation, as noted above.)

Therefore, American Automotive was properly served with the show cause summons and had the responsibility of seeing that someone was present at the show cause hearing to provide the explanation sought and to present evidence regarding the amount of American Automotive's indebtedness, if any, to McNabb. American Automotive failed to do that.

### Hearing on the Merits

The McClenahens take the position that because American Automotive was properly served and failed to appear in general district court, that court's entry of judgment against American Automotive in favor of the McClenahens should be upheld.

The flaw in that position is that this appeal, like all appeals to this court from general district court, entitle the appellant to a trial *de novo*. Virginia Code §§ 16.1-106, 16.1-113, and 16.1-114.1.

At this juncture, American Automotive seeks an opportunity to be heard, suggesting that it can produce evidence to show that McNabb's wages were not susceptible to garnishment during the period covered by the garnishment. To deny American Automotive the right to present its proof would mean that this court simply would affirm what the general district court did, finding no error in that proceeding, but it would ignore the *de novo* nature of the proceeding now that it is in this court.

This outcome is no different than other civil appeals. In any case, a party sued in general district court can default and then appeal to circuit court where he is entitled to a trial *de novo*.

Perhaps it is well to restate the basic purpose of garnishments.

Garnishment is a proceeding to enforce the lien of a writ of fieri facias on a liability of any person other than the judgment debtor; it is substantially a proceeding by the judgment debtor in the name of the judgment creditor against the garnishee. *Virginia National Bank v. Blofeld*, 234 Va. 395, 362 S.E.2d 692 (1987); *Virginia Builders' Supply v. Brooks & Co.*, 250 Va. 209, 462 S.E.2d 85 (1995). It has also been described as a proceeding in which a judgment creditor suggests to the court that some third person has a sum of

money to which the judgment debtor is or may become entitled. See Sinclair & Middleditch, *Virginia Civil Procedure* (3d ed. 1998) § 15.7.

The word garnishment comes from the old French "garnir," which means to warn. The garnishment summons warns the garnishee that he should not pay over assets in his hands belonging to the judgment debtor. Garnishment is purely a creature of statute. Thus, the proceedings are strictly governed by § 8.01-511 *et seq.*

The threshold issue in any garnishment proceeding is whether the garnishee owes money to the judgment debtor. *Lynch v. Johnson*, 196 Va. 516, 84 S.E.2d 419 (1954). If the issue is undisputed and the amount of liability is admitted, the court makes an order directing the garnishee to deliver that sum to the court. If the garnishee fails to do that within thirty days, judgment may be entered against the garnishee. Section 8.01-516.1(A).

If, as here, the garnishee fails to answer or appear, the court inquires of the garnishee's liability. If the proceeding is in circuit court, either party may demand trial by jury. Sections 8.01-519 and 8.01-565.

For these reasons, it is evident that American Automotive is entitled to a hearing on the question of its liability to McNabb and, consequently, the McClenahens, even though it was in default in the General District Court.

### Conclusion

Although the garnishee was properly served and in default in General District Court, the garnishee is nevertheless entitled to a *de novo* hearing on its appeal to Circuit Court.