# CIRCUIT COURT OF LOUDOUN COUNTY

Superior Paving Corp.

v.

Raymond R. Riley Excavating
and Construction, Inc., et al.

August 17, 2001

Case No. (Law) 23460

BY JUDGE THOMAS D. HORNE

In this garnishment proceeding, Superior Paving Corp. seeks to recover against JPI Construction, L.P., as garnishee, upon a judgment rendered in its favor against Raymond R. Riley Excavating and Construction, Inc. Va. Code Ann. §§ 8.01-511 to 8.01-525. This judgment of Superior Paving Co. against Raymond R. Riley Excavating and Construction, Inc., in the amount of $94,317.00 was obtained on December 2, 1999. As of the date of the filing of the garnishment, the total balance alleged to be owed to Superior Paving Co. on the judgment was alleged to be $128,866.21.

On April 4, 2000, a writ of *fieri facias* was issued by the clerk, on the December 2, 1999, judgment. The return of the sheriff on the writ indicates that no effects were found upon its execution on April 17, 2000.

Garnishment summonses were subsequently obtained and issued by the clerk against Raymond R. Riley Excavating and Construction, Inc., the judgment debtor, and JPI Construction, L.P., and JPI Apartment Construction, L.P., as garnishees. The summons as to JPI Apartment Construction, L.P., was later dismissed. Service was made upon the garnishees on May 8, 2000. JPI Construction, L.P., has denied owing anything to Raymond R. Riley Excavating and Construction, L.P.

Plaintiff correctly observes that the writ of *fieri facias* creates a lien on intangibles from the time of its delivery into the hands of the sheriff. Va. Code

Ann. § 8.01-501. As of May 8, 2000, when the garnishment was served on JPI Construction, L.P., it had notice of Superior's judgment lien.

Four days after service of the garnishment summons, JPI Apartment Construction assigned to itself and JPI Construction jointly, a judgment which JPI Apartment obtained against Riley in the Fairfax Circuit Court for $952,953.00. JPI Construction asserts that they are entitled to set off this judgment against the garnishment claim of Superior. It contends that this set-off would wipe out any claim that Superior Paving Corporation might seek to enforce against it in these proceedings. Accordingly, it is entitled to summary judgment and dismissal of the garnishment as a matter of law.

As has been often stated by the Supreme Court:

garnishment effectively is a proceeding by the judgment debtor in the name of the judgment creditor against the garnishee. The judgment creditor stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses. Thus, the garnishee may offset against the lien of the judgment creditor any amount for which the judgment debtor is liable to the garnishee as of the return date of the garnishment summons.

*Hartzell Fan, Inc. v. Waco, Inc.*, 256 Va. 294, 299 (1998) (authorities omitted).

Thus, this Court, "must consider what right [Raymond R. Riley Excavating and Construction, Inc.] had to recover against [JPI Construction, L.P.] as of the return date of the garnishment summons." *Id.*

Plaintiff suggests that, were the Court to grant such a set-off, it would grant a preference to the judgment of JPI Construction to which it would not otherwise be entitled as a judgment lien creditor. However, as counsel for JPI Construction, L.P., noted in their papers, the fact that the assignment was made to defeat the claim of Raymond R. Riley Excavating and Construction does not bar the use of the assigned claim as a set-off. *Clopton's Adm'r v. Morris*, 33 Va. (6 Leigh) 278 (1835); *Wartman v. Yost*, 63 Va. (22 Gratt.) 595 (1872).

Whether reduced to judgment or not, it is the amount recoverable against the garnishee by the debtor as of the return date of the summons that controls. No actions of the judgment debtor have served to diminish the right of the judgment creditor to recover against the garnishee following service of the garnishment summons. See, *Virginia Builders' Supply, Inc. v. Brooks and Co. General Contractors, Inc.*, 250 Va. 209 (1995). Thus, it can be said Superior

Paving Corp. has no greater or lesser rights than does Raymond R. Riley Excavating and Construction, Inc., to recover against the garnishee.

On February 14, 2000, JPI Apartment Construction, L.P., and others filed a petition for the release of liens with the Court in a pending mechanic's lien case. Va. Code Ann. §§ 43-67 to 43-71. JPI Construction, Inc., was not a named party in that action. In its petition, Jefferson at Loudoun, L.P., represented that it was the owner of a parcel of land in Loudoun County, Virginia, and that it had entered into a construction contract with JPI Apartment Construction, L.P., as general contractor, for the construction of apartment buildings and related improvements.

On May 9, 2000, this Court, in the mechanic's lien action, granted the motion of JPI Apartment Construction, L.P., to correct a misnomer in the name of the general contractor for this project. That decree corrected all pleadings to reflect the name change to JPI Construction, L.P. Accordingly, all pleadings in the consolidated chancery cause were thereby conformed to the findings of the Court reflected in its April 10 letter opinion.

On May 10, 2000, the Court entered a Decree with respect to the petition for the release of mechanic's liens of Raymond R. Riley Excavating and Construction, Inc., that were incorporated in its letter opinion of April 10, 2000. In that decree, the Court determined that the minimum indebtedness due Raymond R. Riley Excavating and Construction, Inc., under the site contract and the shared cost contract equaled $188,862.62, and that is an amount available for the satisfaction of Superior's claims. Accordingly, the Petition for release of liens was denied.

That same day, the Court, in the same consolidated mechanic's lien action, by separate decree, consistent with its earlier ruling with respect to the identity of the parties, dismissed the action by Riley against JPI Apartment Construction, L.P., as a discovery sanction and for a lack of prosecution.

The mechanic's lien case has been continued.

Superior states that it is entitled to summary judgment in this garnishment proceeding based upon this Court's finding in the mechanic's lien case that JPI Construction, L.P., is indebted to Riley in an amount sufficient to satisfy its lien claim in that case. JPI Construction states that they are entitled to summary relief because of the May 10, 2000, dismissal decree, and by reason of the set-off of the judgment assigned to it by JPI Apartment Construction, L.P.

Both parties allege fraud in the procurement of the judgments upon which the garnishment is predicated and the set-off claim. As alleged, these are claims for extrinsic fraud that is subject to a determination in the instant proceedings. Such claims cannot be resolved on summary judgment.

Dismissal of Riley's claim against JPI Apartment Construction, Inc., does not serve to bar recovery by Superior in the instant case against JPI Construction, Inc. The order clearly reflects the dismissal is only as to JPI Apartment Construction, Inc. This order was entered only after the prior pleadings had been corrected to reflect the relationship of JPI Construction, Inc., to the instant case. If JPI Construction, Inc., had been dismissed, the Court would have said so.

There remain factual issues to be decided between the parties which cannot be resolved on summary judgment. In addition to claims of fraud, JPI asserts that there are additional set-offs not raised in the prior proceedings that it contends it is entitled to present in this garnishment proceedings.

The cross-motions for summary judgment are denied.